## HOLLIS *v.* NELMS, sheriff.

1. The Supreme Court has no jurisdiction to pass upon an assignment of error complaining of the overruling of a demurrer to the answer of a sheriff to a rule for money, when there has been in the trial court no final judgment upon the rule.
2. It has jurisdiction to pass upon an assignment of error complaining of a refusal to sustain a motion to make such a rule absolute; for the granting of such a motion would finally dispose of the case.
3. The sufficiency of an answer can not properly be brought in question by a motion to enter a judgment in favor of the plaintiff, based on the ground that the answer sets forth no defense.
4. No judgment will be reversed by the Supreme Court when, in order to do so, it must rule adversely to the defendant in error upon a question which has already been settled in his favor in the court below by a decision which has never been set aside and which is not itself properly here for review.

Argued February 21,— Decided March 12, 1902. Rehearing denied March 28, 1902.

Money rule. Before Judge Reid. City court of Atlanta. July 3, 1901.

*T. F. Corrigan* and *A. H. Davis,* for plaintiff.
*Goodwin & Hallman* and *J. A. Anderson,* for defendant.

LUMPKIN, P. J. A rule was sued out in the city court of Atlanta by Hollis against Nelms as sheriff, calling on him to show cause why he should not pay over to the movant a stated sum of money. To this rule Nelms filed an answer, and at the hearing amended the same. "To the answer of said sheriff as amended, movant filed a demurrer and a motion to strike all that part of the answer which sought to avoid liability, and also moved that the court make the rule absolute." The demurrer was overruled, and the court did not grant a rule absolute. Thereupon Hollis sued out a bill of exceptions, assigning error upon the "judgment and order overruling his said demurrer," and upon the ruling of the court "in refusing to make the rule absolute." When the case was called here, counsel for Nelms moved to dismiss the writ of error, on the ground that the bill of exceptions had been sued out prematurely, there having

been no final judgment in the case in the court below. In reply to this motion counsel for Hollis insisted that inasmuch as he moved in the court below to make the rule absolute, and this motion was denied, he had a right to immediately sue out a bill of exceptions under the provisions of the Civil Code, § 5526, because, if the judgment invoked by him had been rendered, there would have been a final disposition of the case.

1. It is obvious that we have no jurisdiction to pass upon the exception taken to the overruling of the demurrer to the sheriff's answer. See *United Glass Co.* v. *McConnell,* 110 *Ga.* 616; *Berryman* v. *Haden,* 112 *Ga.* 752, and cases cited.

2. It is, however, as contended by counsel for Hollis, true that if his motion for a rule absolute had been granted, there would have been a final disposition of the case. In the case of *United Glass Co.* v. *McConnell,* supra, there was no motion to make the rule against the sheriff absolute. In that respect it differs from the case in hand; for, as will have been seen, it is in the present bill of exceptions distinctly recited, not only that Hollis demurred to the sheriff's answer and moved to strike a portion thereof, but that he also moved to make the rule absolute. Whether or not the court erred in denying this motion is therefore a question properly before us for determination.

3. The motion to make the rule absolute was based solely on the ground that the sheriff's answer set up no good reason why he should be discharged. The sufficiency of an answer to a plaintiff's petition can not thus be called in question. On the contrary, if an answer be for any reason open to attack, it should, as was done in the present instance, be met with a demurrer or a motion to strike.

4. Even if the sufficiency of an answer could be properly challenged by moving for a judgment in favor of the plaintiff, there is another unanswerable reason why this court should not in the present case undertake to pass upon the question whether or not the sheriff's answer set up a good defense. As has been seen, a demurrer to it was actually made and overruled. The court, in so doing, necessarily held that the answer was good; and until this ruling is set aside, it is binding upon the movant. In other words, it was adjudicated as between him and the sheriff that the latter's answer set forth reasons sufficient to absolve him from liability. Although the movant did in his bill of exceptions complain of the

overruling of his demurrer, the court's decision thereon must stand unreversed, for the reason, as shown above, that this court has no jurisdiction to review the same under the present writ of error. Until duly set aside, that decision is conclusive, and the question thereby settled is to be regarded as res adjudicata. In other words, were we now to undertake to reverse the judgment of the trial judge in refusing to grant the motion to make the rule absolute, we would be depriving the sheriff of the benefit of a decision in his favor which is still of force and binding upon the movant.

*Judgment affirmed.     All the Justices concurring, except Little, J., absent.*