## PIERPONT MFG. CO. *v.* MAYOR &c. OF SAVANNAH.

1. The judgment of the lower court overruling the general demurrer to the petition, the same being unexcepted·to, was a conclusive determination that a right of action for injunction existed in favor of the plaintiff; and upon substantial proof of its case as laid, the plaintiff was entitled to a verdict and decree in its favor.
2. The court erred in directing a verdict for the defendant, there being no evidence traversing or avoiding the cause of action set out in the petition of the plaintiff.

No. 2816.　MAY 16, 1922.

Equitable petition. Before Judge Meldrim. Chatham superior court. August 1, 1921.

*Travis & Travis,* for plaintiff.

*Shelby Myrick* and *Edwin A. Cohen,* for defendant.

HINES, J. On June 2, 1920, the Pierpont Manufacturing Company filed in Chatham superior court its petition for injunction against the Mayor and Aldermen of the City of Savannah, and made this case: Petitioner has had and operated for approximately twenty years a manufacturing plant in the County of Chatham, but beyond the limits of the City of Savannah. Petitioner does not have any place of business or office, or maintain any agency or agent within the city. Petitioner periodically sends a salesman to the City of Savannah for the purpose of taking orders for the sale of its goods, but no delivery of its goods is made at the time of taking such orders. The City of Savannah has issued an execution against the petitioner for $100, alleged to be due by it as a manufacturer as a business tax for 1920 under the tax ordinance of said city. The marshal of said city threatens to levy said execution upon the property of petitioner, unless restrained by this court. Petitioner is not indebted to the city on said execution in any sum, and the same is void because of the facts stated. Petitioner has and maintains a deposit in a bank in the City of Savannah, and makes deliveries of goods, previously ordered, within said city by truck, but no deliveries are made at the same time

orders are taken. Such deliveries in the city are not uniformly made by truck, but are made in car-load shipments by rail, usually over the Seaboard Air-Line Railway. Collections are not made contemporaneously with the acceptance of orders, but afterwards. The salesman who solicits orders for petitioner in Savannah does so only once a week, it being his custom to come from its plant in said county to the city for said purpose on Monday of each week. The city contends that petitioner has become liable to it for a specific tax under the following provision of the city tax ordinance for 1920, to wit: " Every person, firm, or corporation maintaining a factory or plant, or business without the corporate limits of the city, but having an office or place of business or an agent in the city or corporate limits, or making deliveries of their products in said city limits, shall pay the same license as paid by a person, firm, or corporation having a similar factory, plant, or business in the city or corporate limits." Petitioner is not liable under said tax ordinance, or otherwise, for it is either not within the intent or scope of the said tax ordinance, or, if the same applies to petitioner under the facts recited, said tax ordinance would be void because contrary to the spirit and purpose of the provisions of section 868 of the Civil Code, the purpose of which was to protect traveling representatives of manufacturers and the latter themselves, who might be located in this State beyond the limits of the municipality, so they might be put upon an equal footing with manufacturers whose places of business are beyond the limits of the State. If said ordinance should be held to be valid, other municipal corporations within the State might impose business taxes upon petitioner and on other manufacturers similarly situated, and in such event manufacturers located in Georgia would be at the mercy of similar manufacturers located out of the State. Petitioner prayed that the city be enjoined from enforcing said execution, for the above reasons.

The defendant at the appearance term demurred generally to this petition, on the ground that the same did not set forth any facts which entitled the plaintiff to any equitable relief, and showed no reason why said tax execution should be enjoined. The demurrer was overruled, and no exception was taken to this judgment. On August 1, 1921, the case came on to be heard before the judge and jury. The plaintiff proved its case as laid in its petition. It

was further shown, that the plaintiff's salesman lived in Savannah; that petitioner had a telephone listed in the city telephone directory, and a box in the post-office in Savannah; that all its officers resided in Savannah; that petitioner operated two automobile trucks over the streets of that city in delivering its goods, for which it had paid a license tax to, and taken a license from, said city; that its largest customer in Savannah, doing a monthly business of $800, made payments to petitioner for its goods on delivery, by giving checks to the drivers who delivered them; and that its stationery was headed, "Savannah, Ga." In addition to the above portion of the tax ordinance of the city, the plaintiff introduced these further extracts therefrom:

"Sec. 8. Every person, firm, or corporation transacting or offering to transact any of the kinds of business hereinafter specified and scheduled, or practicing or offering to practice any of the professions or callings hereinafter specified or scheduled, whether in connection with any other business, profession, or calling or not, shall pay the tax hereinafter prescribed and listed and scheduled for every separate place in which he may transact or offer to transact business, or to engage in or offer to engage in or practice such profession or calling: . . "Box manufacturers each (paper or wood), not including baskets, one hundred dollars; where baskets included, one hundred and fifty dollars.

"Sec. 8. Every person, firm, or corporation transacting or offering to transact either of the kinds of business or professions named in this ordinance, who are engaged in such business or professions named on the first day of January, 1920, shall within thirty days after said date take out the license herein provided for and pay for the same."

1. The court overruled the defendant's general demurrer to the plaintiff's petition in this case, and to this judgment no exceptions were taken by the city. This decision made the law of the case, and was a conclusive determination that a right of action existed in favor of the plaintiff for an injunction against this tax execution. When subsequently to the overruling of the demurrer the plaintiff substantially proved its case as laid, the plaintiff was entitled to a verdict and decree in its favor, in the absence of proof traversing or avoiding its case so stated and proved. *Kelly* v. *Strouse,* 116 *Ga.* 874 (7), 891 (43 S. E. 280); *Georgia Northern*

*Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659) ; *McElmurray* v. *Blodgett,* 120 *Ga.* 9, 15 (47 S. E. 531) ; *Kimbro* v. *Railway Co.,* 56 *Ga.* 187 ; *Hollis* v. *Nelms,* 115 *Ga.* 5, 7 (41 S. E. 263) ; *Richmond Hosiery Mills* v. *W. U. T. Co.,* 123 *Ga.* 216 (51 S. E. 290) ; *Sims* v. *Ga. Ry. & El. Co.,* 123 *Ga.* 643 (51 S. E. 573) ; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (4)    (77 S. E. 623). Under such circumstances the trial court can not grant a nonsuit, or direct a verdict for the defendant. *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157) ; *Turner* v. *Willingham,* 148 *Ga.* 274 (96 S. E. 565) ; *Vickery* v. *Swicord,* 151 *Ga.* 145 (106 S. E. 92) ; *Kite* v. *Vickery,* 153 *Ga.* 301 (111 S. E. 904).

There was no vital variance between the facts set out in the petition and the proof submitted in substantiation of these allegations. The facts that the plaintiff had a telephone listed in its name in the city telephone directory, that it had a box in the Savannah post-office, that the stationery used by it was headed " Savannah, Ga.," and that goods delivered by it to its largest customer in the city were paid for on delivery, make no difference in determining its liability for this tax. If the plaintiff was liable for this license tax, it was under the provision of the city tax ordinance of 1920, set out in its petition. If liable to this tax, it was because it maintained a factory, plant, or business without the incorporate limits of the city, but had an office, place of business, or an agent in the city or corporate limits, or made deliveries of its products in the city limits. The petition alleged, that it had a factory, plant, or business without the corporate limits of the city. The proof showed this fact. The petition alleged that the plaintiff had no office, place of business, or agent within the corporate limits. The evidence was uncontradicted that petitioner had no office or place of business in the city. The petition alleged that plaintiff had a salesman, who on Monday in each week, in the city, solicited for it orders for its products. The proof establishes this fact; but shows that this agent resides in Savannah. This agent works most of his time for his company at its plant and elsewhere, without the incorporate limits of the municipality. It is not the residence of the agent, but his presence in the city on the business of the master, which counts. The complaint alleged that the plaintiff made deliveries of its goods in Savannah by truck, to fill these orders taken by its agent in the city. The proof shows this to be true. It makes

no difference whether deliveries are for cash or on credit. What makes manufacturers liable for this license tax under this ordinance is the "making deliveries of their products in said city limits," with or without the cash.

None of the other facts, such as the residence of its officers in Savannah, its post-office box in the Savannah post-office, or the listing of its telephone in the city telephone directory, or the heading of its stationery, show that it had an office or place of business in Savannah; and that therefore it was liable for such tax. Under the undisputed facts the plaintiff had no office or place of business in Savannah. The same facts show that it had a salesman who weekly called upon merchants and procured orders for its products, which were delivered by truck to such customers. Under these facts the judgment on the demurrer adjudicated that plaintiff was not liable to the city for this license tax; and, whether right or wrong, this judgment, unexcepted to, is conclusive upon the city; and when the plaintiff proved its case as laid, and there was no proof traversing or avoiding the same, the court below erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur.*