## BELLINGER *v.* EBLIN & COMPANY *et al.*

There is no provision of law by virtue of which the overruling of a demurrer to a cross-action or counter-claim filed by the defendant may be reviewed by direct bill of exceptions prior to the final disposition of the plaintiff's case in the court below.

No. 3998.   SEPTEMBER 2, 1924.

Complaint. Before Judge Ellis. Fulton superior court. June 4, 1923.

*R. R. Jackson, C. E. Moore,* and *T. L. Lanford,* for plaintiff.

*Edgar Latham,* for defendants.

RUSSELL, C. J.  Bellinger brought a suit against Eblin & Company, of 81 Broad Street, New York City, and J. Eblin, who was alleged to be subject to the jurisdiction of the court. It was alleged that J. Eblin was subject to the jurisdiction of the court, because he represented Eblin & Company as agent and did business for Eblin & Company in Fulton county; that the defendants were engaged in the business of buying and selling cotton for their patrons, and that in this capacity they became indebted to the petitioner in the sum of $1208.06, as fully and specifically set forth in the petition. The defendants answered, and J. Eblin filed a counter-petition in which he asked for damages in tort. He alleged that the plaintiff was guilty of malicious abuse of civil process in bringing his action for money had and received, and in having process of garnishment served on the Central Bank & Trust Corporation. He laid his damages at $500 for counsel fees, $2500 as the result of the service of the process of garnishment on the above-named bank and on the Atlanta National Bank, and $10,000 as punitive damages. By amendment J. Eblin alleged that the plaintiff was insolvent and was intending to leave the State, and that it was not his purpose to collect any debt due him by J. Eblin or Eblin & Co., but that it was his purpose to use the process of the court to force the defendant to pay him upwards of $1000 as blackmail under the threat that plaintiff would expose the business of this defendant as being that of a broker in taking orders for the purchase of cotton on margins, and the threat to prosecute this defendant on a charge of violating the statutes of Georgia against speculating in futures. Bellinger demurred to the answer or cross-action, one of the grounds being that this was an attempt to set off a tort against a contract, and the other a special demurrer that the counter-claim was multifarious and that there was misjoinder. Other grounds of the demurrer presented by amendment need not be specifically mentioned. On June 4, 1923, the trial judge overruled all of the demurrers, and exception was taken to this judgment.

Whatever may be the real merits of the demurrers filed by the

plaintiff in error, an adjudication at this time is premature. Treating the cross-action of the defendant J. Eblin as an original suit, the overruling of the demurrers would give a right of review, for the reason that it would come under the provision of the Code by which a direct right of review is provided where there would be a final termination of the case had the decision been in favor of the losing party and as sought by him. The right of review by bill of exceptions does not inhere in a party, but attaches to a final decision of the case, or is granted where a final decision favorable to the complaining party would have been reached had the ruling of the court been as contended for by such party. Even a cross-action must come under the general rule that the sustaining or overruling of a demurrer to the answer of the defendant does not work a conclusion of the case, and for that reason is subject to review only by exceptions pendente lite and not by direct bill of exceptions. Attention was called to this by Mr. Justice Speer in *Mechanics' Bank* v. *Harrison,* 68 *Ga.* 463, in which it was said: "But each party has excepted to other rulings of the court interlocutory in their character, such as . . demurrer to answers in the nature of cross-bills by the defendants. These exceptions cannot be heard on this writ of error, because they can only be reviewed when the final hearing of the case has been had." As the court did in that case, so we will also allow the official copy of the bill of exceptions to be filed as exceptions pendente lite upon the return of the remittitur.

*Writ of error dismissed, with direction. All the Justices concur.*