WILLIAMSON *et al. v.* KEY *et al.*

No. 9907.   September 19, 1934.

*C. G. Battle,* for plaintiffs.

*Howell, Heyman & Bolding* and *W. P. Bloodworth,* for defendants.

Atkinson, J.   After affirmance by the Supreme Court of the judgment of the trial court in the case of Elizabeth Walker and others as heirs at law of the estate of John A. Smith, deceased, against Mary Key, the plaintiff in fi. fa., and the sheriff, seeking to cancel a judgment and enjoin sale of the property under execution based on the judgment (*Walker* v. *Hall,* 176 *Ga.* 12, 166 S. E. 757), the officer sold the property at regular sheriff's sale to Mary Key, and executed a deed to her. Thereafter the same plaintiffs, Elizabeth Walker and others, instituted another action against Mary Key and the sheriff, renewing the ground of attack alleged in their former petition, and further attacking the sheriff's sale and deed as void for the additional reason, that, the plaintiffs being in adverse possession of the land at the time of the levy and sale, such sale and conveyance were void, and that notwithstanding the deed was void it was being held by Mary Key (she being insolvent) as a cloud upon their title. The petition as amended prayed for cancellation, and for injunction to prevent the sheriff from interfering with petitioners' possession. The action was dismissed on general demurrer, and the plaintiffs excepted.

1. The case, upon all questions involved in the former suit, is

controlled adversely to the plaintiffs by the decision in *Walker* v. *Hall,* 176 *Ga.* 12, supra.

2. It was not a good ground of objection to a sale and conveyance by a sheriff under a common-law judgment that the land was held in adverse possession by the plaintiffs at the time of the levy and sale. Civil Code, § 4185. See also *Chattanooga Iron & Coal Cor.* v. *Shaw,* 157 *Ga.* 869 (4) (122 S. E. 597). This does not conflict with the rule that an administrator may not sell the land while it is held in adverse possession. Civil Code, § 4033.

3. The judge did not err in dismissing the petition as amended, on general demurrer.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*