## LEATHERS *v.* GARRETT.

620

No. 10206. OCTOBER 11, 1934.

*A. Walton Nall, Luther Roberts,* and *F. H. Aderhold,* for plaintiff. *Smith & Millican,* for defendant.

BELL, J. This was a suit by the defendant in a tax fi. fa., to recover land, and for other relief, including cancellation of a deed to such land purporting to have been made by a sheriff under the fi. fa., and a deed by the purchaser to another. A general demurrer filed by the defendants was overruled, and this judgment was not excepted to. The trial resulted in a verdict in favor of the defendants. The plaintiff's motion for a new trial was overruled, and he excepted.

In our view of the case, only one question requires consideration, and that relates to the entry of levy. The entry was in this language: "Georgia, Carroll County. Levied upon the following property to satisfy within fi. fa., on the following property, to wit: 81 acres of land No. 63 in the 6th district. Levied on as the property of J. E. Leathers. Tenant in possession notified." Under such entry the sheriff attempted to sell land of the defendant in fi. fa., consisting of a portion of lot of land No. 60 in the 6th district of Carroll County. An entry of levy must plainly describe the property levied on. A levy on land which fails to describe it with such precision as to inform the purchaser of what he is buying, and to enable the officer selling it to place the purchaser in possession is void. *Burson* v. *Shields,* 160 *Ga.* 723 (129 S. E. 22). The description in the entry under consideration was not only vague and uncertain, but contained an actual misstatement of the lot number as applied to the land which the sheriff purported to sell under the process. The entry was clearly insufficient as a basis for such sale, and the deed to the purchaser, though itself containing a correct description of property of the defendant in fi. fa., was invalid

and subject to cancellation in a proper proceeding. *Whatley* v. *Newsom,* 10 *Ga.* 74; *Osborn* v. *Elder,* 65 *Ga.* 360; *Brown* v. *Moughon,* 70 *Ga.* 756; *Brinson* v. *Lassiter,* 81 *Ga.* 40 (6 S. E. 468); *Walden* v. *Walden,* 128 *Ga.* 126 (57 S. E. 323). The rule that omissions and irregularities of the levying officer are not chargeable to the buyer does not protect the purchaser against an invalid levy. "The purchaser at a sheriff's sale depends upon the 'judgment, the levy, and the deed; all other questions are between parties to the judgment and the officer.'" *Brooks* v. *Rooney,* 11 *Ga.* 423 (5) (53 Am. D. 430); *Morris* v. *Davis,* 75 *Ga.* 169 (2); *Conley* v. *Redwine,* 109 *Ga.* 640 (2) (35 S. E. 92; 77 Am. St. R. 398); *Howland* v. *Donehoo,* 141 *Ga.* 687 (2), 694 (82 S. E. 32). It appearing from the pleadings and the evidence, without dispute, that the deeds were wholly void because of the insufficiency of the levy, the verdict in favor of the defendants was unauthorized and the plaintiff's motion for new trial should have been sustained.

Under the particular facts of the case, the verdict for the defendants can not be sustained on the ground that the plaintiff failed to make a tender of the amount of the tax due by him, and did not offer to do equity. The petition was silent in regard to these matters, and the judgment overruling the general demurrer, not having been excepted to, stands as an adjudication that the plaintiff was not required to make a tender or to offer to do equity, as contended. Such is "the law of the case," regardless of what might otherwise be the applicable rule. It follows that the plaintiff can not be defeated merely because he did not allege or prove a tender or make, either in his petition or evidence, an offer to do equity in the premises. *Hollis* v. *Nelms,* 115 *Ga.* 5 (4) (41 S. E. 263); *Sims* v. *Georgia Railway &c. Co.,* 123 *Ga.* 643 (51 S. E. 573); *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699, 702 (54 S. E. 706, 28 L. R. A. (N. S.) 785); *Pierpont Mfg. Co.* v. *Savannah,* 153 *Ga.* 455 (112 S. E. 462).

The foregoing rulings being controlling, it is unnecessary to pass on other questions raised by the record. The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. All the Justices concur.*