BROOKS *et al. v.* FIRST NATIONAL BANK OF ATLANTA, executor; *et vice versa.*

Nos. 10389, 10407. JANUARY 18, 1935.
ON REHEARING, MARCH 1, 1935.

*J. K. Jordan,* for plaintiffs.

*Spalding, MacDougald & Sibley* and *Sumter M. Kelley,* for defendant.

BECK, Presiding Justice. Suit was filed by Mrs. Marian Henderson Brooks, administratrix, et al., against First National Bank of Atlanta, executor, for cancellation of a note and a deed given to secure its payment. Upon the trial of the case the court directed a verdict for the defendant, and the plaintiffs excepted.

■ There is no merit in the contention of the plaintiffs that "the judgment referred to, sustaining plaintiffs' demurrer to and motion to strike defendant's cross-bill of foreclosure, was an adjudication on the merits of the case, barring defendant executor from all rights and remedies with respect to the enforcement of the security deed in controversy." Nor was there error in striking the amendment offered by plaintiffs.

■ The court did not err in refusing to permit Mrs. Marian Henderson Brooks to answer the following question, to wit: "Do

you know anything about Mrs. Felton's disposition with reference to collecting what was due her?" counsel for plaintiffs at the time this testimony was offered stating to the court that he expected to prove by said witness that defendant's testatrix, Mrs. Felton, was a person who exacted prompt payment of debts due her. This testimony was immaterial and irrelevant.

■ In view of the evidence contained in the record, the court did not err in directing the verdict and in entering the decree thereon.

■ While as a general rule upon affirmance of the judgment excepted to in a main bill of exceptions the cross-bill of exceptions will be dismissed, we are of the opinion that under the facts of this case the cross-bill should be passed upon, though we have affirmed the judgment upon the main bill of exceptions. And upon consideration of the cross-bill, we are of the opinion that the court below erred in dismissing the cross-action. In view of the allegations in the cross-action and the allegations contained in the main petition, the plaintiff in the cross-action was entitled to foreclose the security deed as an equitable mortgage; and the court erred in dismissing the cross-action. *Bellinger* v. *Eblin,* 158 *Ga.* 657 (124 S. E. 137); *Ray* v. *Home & Foreign Investment &c. Co.,* 106 *Ga.* 492 (32 S. E. 603).

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. All the Justices concur.*