ELLIS, administrator, *et al.* v. FIRST NATIONAL BANK OF ATLANTA, executor.

No. 11207. JUNE 20, 1936. REHEARING DENIED JULY 14, 1936.

Judges Franklin, Grice, and Worrill were designated for this case, instead of disqualified Justices of the Supreme Court.

*J. K. Jordan,* for plaintiffs.

PER CURIAM. The plaintiffs sued to cancel a security deed on the ground that the debt had been paid in full. The defendant, an executor, denied the allegations as to payment, and by a cross-action sought to foreclose the deed as an equitable mortgage for a balance alleged to be due, praying only for a judgment in rem. The court directed a verdict against cancellation, but struck the cross-action, and both parties excepted. This court affirmed the direction of the verdict against the plaintiffs, refusing cancellation, but reversed the judgment dismissing the cross-action. *Brooks* v. *First National Bank of Atlanta,* 180 *Ga.* 196 (178 S. E. 639). After the case had been remanded to the court below for further proceedings, the plaintiffs filed an answer to the cross-action, again pleading payment in full, but doing so merely as a defense to the defendant's effort to foreclose the deed as an equitable mortgage. The court struck the answer to the cross-action, as thus filed, upon the ground that the matters pleaded were determined by the former verdict and judgment against the prayer for cancellation, and were res judicata. The court also excluded a receipt signed by the payee of the note, directed a verdict in favor of the defendant, sustaining the cross-action, and entered a decree foreclosing the security deed as prayed. The plaintiffs again excepted.

■ The court did not err in striking the answer to the cross-action, it appearing from the record that the matters pleaded therein were res judicata. The note was for the principal sum of $4000. The defendant executor admitted that $2000 had been paid, and the sole contention made in the suit for cancellation was that the balance had been paid in full. An inspection of the record upon which the present writ of error is based shows that there was no issue as to partial payments, whereby the former verdict and decree might be said to adjudicate only that the note had not been *paid in full,* without any determination as to the final balance which might be due. There being in the former suit no middle ground as to payment, but the sole question being whether *all or none* of the. claimed balance of $2000 had been paid, the plaintiffs are bound by the previous adjudication against them,

and could not, over proper objection, again raise the issue by filing an answer to the cross-action. Code of 1910, §§ 4335, 4336.

■ The former adjudication became the law of the case, and the defendant could, in the same proceeding, take advantage of it by oral motion based upon an inspection of the record, without further pleading. *Atlanta Trust & Banking Co.* v. *Nelms,* 119 *Ga.* 630 (2) (46 S. E. 851); *Williamson* v. *Key,* 179 *Ga.* 502 (176 S. E. 373); *Leathers* v. *Garrett,* 179 *Ga.* 619 (2), 621 (176 S. E. 638); Ætna Ins. Co. *v.* Dancer (Texas), 215 S. W. 962; Rentz *v.* Eckert, 74 Conn. 11 (49 Atl. 203); Atlantic Bithulithic Co. *v.* Edgewood, 114 W. Va. 243 (173 S. E. 754); Horner *v.* Horner (W. Va.), 182 S. E. 291, 101 A. L. R. 1320; 23 C. J. 110, § 1918.

■ The rulings stated above are not altered by the fact that between the dates of the former trial and of the trial now under review there had elapsed such an additional period of time that the note, a sealed instrument, was more than twenty years past due, it affirmatively appearing from the answer that no payments were made during such additional period.

■ Furthermore, the writ of error is without merit, for other reasons. (a) After the defendant executor had introduced evidence supporting the cross-action, the attorneys for the plaintiffs, in response to an inquiry by the judge, stated in open court that they had no evidence of payment except the circumstances alleged in the plea, and the receipt referred to above, which the court refused to admit in evidence. The receipt having been executed by the payee long before the note became due, and there being no evidence that it related to that obligation, it was properly excluded because its relevancy did not appear. (b) The note matured by its terms in the year 1914, and was a sealed instrument. The maker died on November 20, 1921. The evidence showed that the plaintiffs' mother, under whom they claim and who was the sole heir of the maker of the note in question, paid interest on a balance of $2000 as late as 1926, and the pleadings filed by the plaintiffs showed affirmatively that no payments were ever made subsequently to that date. Accordingly, the circumstances alleged in the answer, if proved as laid, would not have authorized a verdict on the plea of payment, in view of the undisputed evidence showing prima facie that a balance of $2000 principal remained due as late as 1926, and in view of the plaintiffs' own pleadings from which

it appeared that no later payments were made. (c) It thus appears that even if the court committed error in dismissing the answer, the plaintiffs were not harmed under the facts appearing. *Kytle* v. *Kytle,* 180 *Ga.* 833 (3) (181 S. E. 81); *Fidelity & Deposit Co.* v. *Norwood,* 38 *Ga. App.* 534 (1, *b*) (144 S. E. 387).

*Judgment affirmed. Russell, C. J., Beck, P. J., Hutcheson, J., and Judges Franklin, Grice, and Worrill concur.*