27149, 27184. BOB'S CANDY AND PECAN COMPANY *v.* CITY NATIONAL BANK; and *vice versa.*

DECIDED DECEMBER 2, 1938.

*Leonard Farkas, Walter H. Burt,* for plaintiff.
*Bennel & Peacock,* for defendant.

STEPHENS, P. J.   Bob's Candy & Pecan Company sued out an attachment against J. W. McConnell & Sons of San Saba, Texas, and caused summons of garnishment upon the attachment to be served upon Albany Exchange Bank.   City National Bank of San Saba filed a claim to the funds caught by the garnishment.   On the trial a verdict and judgment resulted for the plaintiff.   This court in *City National Bank* v. *Bob's Candy & Pecan Co.,* supra, reversed the judgment in that case on the ground that the evidence was insufficient to support the verdict, and that, from the record as there appeared, the plaintiff "was estopped to deny that the title to the money caught by the garnishment was in the claimant bank." The report of that case contains a statement of the facts which need not here be repeated.

When the case was returned to the lower court for a new trial, the parties agreed that the judge should try all issues of law and fact, with the right in either party to appeal from his decision. They also agreed that his decision should be based on the brief of evidence on the former trial, together with the agreed statement of facts supplemental and in addition to the brief of evidence, and to be construed in the light of the brief and not as a contradiction of the same.   The judge to whom the case was thus submitted decided that the fund which had been garnished was not subject, and rendered a judgment in favor of the claimant.   The plaintiff candy company filed its bill of exceptions assigning error on this judgment and on several specific findings set forth in the judgment.   The claimant, City National Bank, filed a cross-bill of exceptions, complaining of alleged errors by the court upon certain motions and demurrers.

On February 14, 1938, the plaintiff filed an amendment "in the nature of a second defense," alleging that the claimant bank contended that the draft, the bill of lading, and the carload of pecans became the property of the bank when it received the draft and bill of lading from J. W. McConnell & Sons; that when the pecans arrived in Albany they were seized and destroyed by the United States Government in a condemnation proceeding under the food and drug act; that the contract and the interstate shipment of these pecans were illegal and void, and the title to the fund in the Albany bank never passed out of the plaintiff; that the plaintiff rejected the pecans and rescinded its contract of purchase; that

under the Federal bill of lading act (39 Stat. 543), the claimant bank, claiming absolute ownership of the bill of lading and of the pecans, if actually purchased, warranted that the pecans were merchantable and fit for human consumption, but said pecans were not merchantable or fit for human consumption, and by reason of that fact the plaintiff rescinded the contract of purchase, and the fund which was received by the Albany bank in payment of the draft became the property of the plaintiff and the claimant had no right, title or interest in said fund; that the claimant bank having intervened in the case, therefore, on the trial of the issues involved, equitable principles would be applied, and the claimant bank could not prevail unless it showed title to the fund impounded in the bank; and that the plaintiff tenders back to the claimant bank the draft referred to in this case. The plaintiff prayed that an order be entered declaring the fund to be the property of petitioner. This amendment was demurred to by the claimant on various grounds, including the ground that it set out a new cause of action. In the judgment of the court was incorporated an order sustaining the general demurrers to this amendment, and this part of the judge's order was excepted to and assigned as error by the plaintiff.

It was decided by this court, on the former appeal of this case, that on the facts appearing in the record, the plaintiff was estopped from disputing the title of the claimant bank to the fund in the Albany bank. Therefore this question is res judicata and the decision must be adhered to. There is nothing in the supplemental agreed statement of facts which could affect this former decision. Under it, the plaintiff is debarred from renewing the contentions which he makes as to the ownership of the fund by J. W. McConnell & Sons or by the plaintiff itself. The contention that the amount of the draft could be charged back to the McConnell account by the plaintiff bank has already been ruled against the plaintiff. The contention that there should be an equitable marshaling of assets is merely another form of the other contention just stated. The right to marshal assets can occur only between creditors of a common debtor, and if the fund which was garnished belonged to the claimant bank, this bank could not be a creditor of the McConnell Company.

In regard to the amendment setting up the Federal bill of lading

act, this is an entirely different cause of action from that set up in the declaration in attachment. The parties are not in the same position, nor are the grounds of liability the same. If this amendment were allowed it would revolutionize the whole case. The claimant would become the defendant in attachment, and the plaintiff would be taking a position directly contrary to that on which the original suit was brought. The court did not err in striking this amendment on demurrer, and, on the agreed statement of facts, in finding for the plaintiff.

*Judgment affirmed on the main bill. Cross-bill dismissed. Sutton and Felton, JJ., concur.*