18542. OLIVER *et al.* v. CENTRAL OF GEORGIA RAILWAY COMPANY *et al.*

ARGUED APRIL 12, 1954—DECIDED MAY 11, 1954.

*Johnson & Jones, Thomas W. Johnson,* for plaintiffs in error.
*Benning M. Grice, A. R. Lawton, John B. Miller, Harold C. Heiss & Russell B. Day,* contra.

WYATT, Presiding Justice. It will be observed that the question for determination in the court below was the construction of the decree by Judge Conger appearing in the foregoing statement of facts. The plaintiff in the court below set out in its petition the construction of the decree insisted upon, to wit:

that the decree did not require it to go back of the date of the decree to revise the seniority rosters of all its firemen, and that the claims of the plaintiffs in error were based upon a construction of the decree to the effect that the railway company was required to go back of the date of the decree for the purpose of revising the seniority rosters.

The record discloses that the plaintiffs in error filed in the trial court their general demurrer to the petition, contending in substance that the facts alleged did not entitle the plaintiff to the relief sought. On September 25, 1953, this general demurrer was overruled. The trial judge in passing upon this demurrer of necessity construed the decree in question, and in order to overrule the general demurrer, he had to construe the meaning of the decree to be that alleged in the petition. The judgment overruling this demurrer has not been excepted to by anyone.

"No judgment will be reversed by the Supreme Court when, in order to do so, it must rule adversely to the defendant in error upon a question which has already been settled in his favor in the court below by a decision which has never been set aside and which is not itself properly here for review." *Hollis* v. *Nelms*, 115 *Ga.* 5 (41 S. E. 263). "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. "The judgment of the lower court overruling the general demurrer to the petition, the same being unexcepted to, was a conclusive determination that a right of action for injunction existed in favor of the plaintiff; and upon substantial proof of its case as laid, the plaintiff was entitled to a verdict and decree in its favor." *Pierpont Manufacturing Co.* v. *Mayor &c. of Savannah*, 153 *Ga.* 455 (112 S. E. 462). "The right of the plaintiff to recover upon proof of the allegations made in his petition was adjudicated favorably to him by the judgment overruling the demurrer. Until duly set aside, that decision is conclusive, and the question thereby settled is to be regarded as res adjudicata." *Brooks* v. *Rawlings*, 138 *Ga.* 310, 313 (75 S. E. 157).

Applying the above rules of law to the instant case, it is clear

that the ruling on the general demurrer established the law of the case, and, whether right or wrong, is therefore binding on all parties to this case.

It is insisted that several other judgments and orders passed during the pendency of this proceeding had the effect of establishing the law of the case favorably to the defendant in error, but since the above question is decisive, we do not deem it necessary to consider these other orders and judgments. It follows, no error appears.

*Judgment affirmed. All the Justices concur.*