## 35211. Levin v. Young.

Carlisle, J. 1. On the first appearance of this case in this court (*Levin v. Young,* ante, p. 304) which see, this court affirmed the judgment of the trial court overruling a general demurrer to the petition. Until duly set aside or reversed, that decision is conclusive and is to be regarded as res judicata of the question that the petition stated a cause of action. *Hollis* v. *Nelms,* 115 *Ga.* 5 (41 S. E. 263).

2. In holding that the petition stated a cause of action, this court stated that the plaintiff Young was entitled to his commission for negotiating the sign-rights contract between Levin and Hunter, under the terms of the contract between Levin and Young, within ten days after the completion of the building on which the sign rights would exist. On the trial of the case, the plaintiff established that the building had been completed and more than ten days had elapsed between the time of its completion and the date of the plaintiff's demand on the defendant for his commission of $1,000. The trial court, sitting without the intervention of a' jury, was therefore, as trior of the facts, authorized to find that the plaintiff had proved his case as laid and was entitled to his commission.

3. In view of the ruling made in *Levin* v. *Young,* supra, which has been outlined in division 2 of this opinion, the exclusion from evidence of the testimony set out in special grounds 1 and 2 of the motion for new trial, which dealt with the questions of whether or not Hunter had actually placed money in escrow for settling with Levin or had actually settled with him regarding the sign rights on the building, and which also dealt with Levin's understanding of the terms of the contract, was not error.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided July 7, 1954.

*Arnold S. Kaye, Thomas B. Branch, Jr.,* for plaintiff in error. *Hamilton Lokey, Lokey, Bowden & Rolleston,* contra.