19788. MIDDLEBROOKS *v.* GOOLSBY.

Argued September 9, 1957—Decided October 15, 1957—
Rehearing denied November 8, 1957.

*Adams, O'Neal & Steele, H. T. O'Neal, Jr., Robt. E. Steele, Jr.,* for plaintiff in error.

*E. B. Gostin, David L. Mincey,* contra.

Almand, Justice. The sole exception under review is to an order denying a motion for a judgment notwithstanding the verdict, on the trial of a suit by Rosa Lee Goolsby against Frances Middlebrooks et al., wherein the plaintiff sought to restrain the defendants from prosecuting a dispossessory-warrant proceeding, the cancellation of certain deeds, and reasonable attorney's fees and expenses of litigation. A verdict in the trial court was rendered for the plaintiff.

The plaintiff in her petition asserted that, in May 1951, she was the owner of and in possession of a certain house and lot in Macon, Georgia, and that she had, in 1948, executed a deed to the defendant Middlebrooks to secure an indebtedness of $798, said debt being represented by 72 notes of $15 each, payable monthly. On May 1, 1951, when all of the monthly notes due had been paid to June 1, 1951, and when the plaintiff was preparing to leave the premises covered by the security deed, to serve a twelve-month sentence in a Federal Reformatory for women, it was contracted and agreed between the plaintiff and the defendant Middlebrooks that the plaintiff would store her personal effects in one room of the house; that she would surrender possession of the remainder of the premises to the defendant Middlebrooks, the same having a rental value exceeding $15 per month, which possession the defendant accepted and agreed to rent; that, if the rentals to be received by this defendant were more than sufficient to pay the monthly notes as

they fell due, the excess would be paid to the plaintiff upon her return from prison; but, if the amount received was not sufficient to pay these notes, then the plaintiff would pay to defendant Middlebrooks the amount necessary to meet the deficiency when she returned. Plaintiff further alleged that she surrendered possession of the premises to the defendant; and that, while the plaintiff was in prison, defendant Middlebrooks, in breach of her agreement, exercised the power of sale contained in the security deed and the property was bought in by her agent and then deeded to her. Upon her return to Macon in February 1952, the plaintiff retook possession of the premises and tendered to the defendant a stated sum of money sufficient to pay all of her indebtedness, which tender was refused, and the plaintiff alleged payment of $558.21 into the court. She alleged that the transaction out of which the suit arose originated through the bad faith of the defendant; and that she has been stubbornly litigious and has put the plaintiff to unnecessary expense. The petition also contains allegations charging the defendants with fraud, but in view of the conclusion we have reached, it is unnecessary to enumerate these allegations.

There is no exception to the order overruling the general demurrers and certain special demurrers to the petition. We have carefully reviewed the evidence in the present case and, without summarizing it, it is sufficient to say that the plaintiff proved her case as laid in her petition. Under no circumstances did the evidence, with all reasonable deductions or inferences therefrom, demand a verdict in favor of the defendant. Consequently, the court did not err in denying the defendant's motion for a judgment notwithstanding the verdict. Code § 110-104; *Pierpont Mfg. Co.* v. *Mayor &c. of Savannah,* 153 *Ga.* 455 (112 S. E. 462).

*Judgment affirmed. All the Justices concur, except Mobley, J., who is disqualified.*