41871. SEWELL DAIRY SUPPLY COMPANY v. TAYLOR.

FRANKUM, Judge. 1. On the former appearance of this case in this court (*Sewell Dairy Supply Co. v. Taylor*, 110 Ga. App. 463 (138 SE2d 909)), this court adjudicated that the action here was one seeking recovery for rent on an oral contract of lease. In such an action the only questions to be decided are whether the relation of landlord and tenant existed and whether the rent contracted to be paid has been paid. Such a case is not one involving title to land. The Judge of the Civil Court of Fulton County did not err in overruling the defendant's plea to the jurisdiction based on the contention that the action involved title to land and was one cognizable only by the superior court of the county where the land lies.

2. The evidence was sufficient to authorize the court, sitting without a jury and as the trior of the facts, to find that the then president of the predecessor of the defendant corporation made an oral agreement with the plaintiff after the plaintiff purchased the property in question that, if he would permit the corporation to continue to use the property, it would tear down the old existing ramp which was 45 or 50 feet long and build another ramp, and that it could continue to use such ramp located on the property in question as long as the plaintiff had no need to use the property for anything else, and pay the plaintiff $20 a month for such use as long as the corporation continued to use it; that pursuant to that conversation the defendant tore down the existing ramp, removed some trees, and built a small ramp 15 feet long, and thereafter occupied the premises in question for 67 months, paying rent for only four or five months of the total time. This agreement clearly created a tenancy at will relation between the plaintiff as landlord and the defendant as tenant. *Code*

§ 61-101. Under the terms of this agreement the defendant was bound to pay rent to the plaintiff as long as it continued to occupy the premises. This case is clearly controlled by the principles enunciated in *Hodges v. Waters,* 124 Ga. 229 (52 SE 161), the difference in this case and that one being only that there the agreement, by its express terms, was for the payment of rent for two calendar years, and the obligation of the defendant to pay terminated after the expiration of the two calendar years, irrespective of whether he vacated the premises in question or not. Here the agreement was for the tenant corporation to pay so long as it occupied the premises, and it having vacated the premises, the terms of the agreement have thus become fixed and definite, and it is liable to the plaintiff-landlord for the rent at the stipulated rate for the term for which it held possession. The trial court properly denied the defendant's motion for a nonsuit.

3. On the previous appearance of this case in this court the exceptions were, among other things, to the overruling of the general demurrer to the petition. While the general demurrer was not specifically directed to the issue of the statute of limitation, this was a matter which was known to the defendant and could have been incorporated in the previous appeal in the exercise of ordinary diligence. "Under the doctrine of res judicata, it is well-settled law in this State that all matters which were put in issue, or which under the rules of law might have been put in issue, will not be considered in a subsequent" review of the case. *Lankford v. Milhollin,* 201 Ga. 594, 602 (40 SE2d 376); *Code* § 110-501. See also *Hollis v. Nelms,* 115 Ga. 5 (4) (41 SE 263); *Bob's Candy &c. Co. v. City Nat. Bank,* 58 Ga. App. 846, 848 (200 SE 557); *Levin v. Young,* 90 Ga. App. 334 (1) (83 SE2d 32). The defendant not having properly raised or secured an adjudication on the question of whether a part of the plaintiff's claim was barred by the statute of limitation, though it might have done so upon the previous appeal, it was, under the principles of res judicata, estopped to subsequently assert this defense for the first time on the trial of the case.

4. The evidence authorized the entry of the judgment for the plaintiff in the amount of $1,340.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

Argued March 7, 1966—Decided April 28, 1966—
Rehearing denied May 25, 1966—

*Peek, Carr, Whaley & Blackburn, Glenville Haldi,* for appellant.