23950. WOODMEN OF THE WORLD LIFE INSURANCE
SOCIETY v. ETHERIDGE.

ARGUED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*Anderson, Walker & Reichert, Albert P. Reichert, Jr.,* for appellant.

*Bloch, Hall, Groover & Hawkins, F. Kennedy Hall,* for appellee.

DUCKWORTH, Chief Justice. We would think that after countless decisions of this court, such as *Murphy v. Lawrence,* 2 Ga. 257; *Florida State Hospital v. Durham Iron Co.,* 194 Ga. 350, 355 (21 SE2d 216) ; *Ewing v. Paulk,* 208 Ga. 722 (69 SE2d 268), *White County v. Wooten,* 219 Ga. 236 (132 SE2d 653) ; and *Ford Motor Co. v. Williams,* 219 Ga. 505 (134 SE2d 32) have established the law that facts essential to a cause of action must be alleged as well as proven, there would now be no serious doubt on that matter. The fundamental reason for this law is to prevent "shooting a defendant in the dark." Thus we

completely accept the contention of the respondent predicated upon *Simpson v. Brown,* 162 Ga. 529 (1) (134 SE 161, 47 ALR 865), as cited in *Skinner v. Bearden,* 77 Ga. App. 325, 327 (48 SE2d 574), that: "One of the most important rules in the construction of deeds is to so construe them that no part or words shall be rejected. The courts lean to such construction as reconciles the different parts, and reject the construction which leads to a contradiction." But its application here leads us to the very opposite conclusion from that contended for by the respondent. Two documents, the application and the receipt, must be construed to conform to the rule. The application contains the unambiguous provision that, "There shall be no liability for the payment of any benefit unless the application shall have been approved by the Medical Director of the Society." This application is signed by the insured, and his beneficiary is bound thereby. The receipt provides that, "In consideration of the payment made by the applicant and of the statements in the application, the Society agrees that the benefits applied for shall be in effect from the date of the completion of the application, if the applicant is insurable for the amount and plan applied for as a standard risk under the rules and practices of selection of the Society. If the applicant is not insurable as a standard risk on the date the application is completed, this agreement shall be void from its inception and the Society shall have no liability but agrees to return to the applicant or pay to the beneficiary the amount paid by the applicant with this application." These two documents must be construed, and the above rule of construction must be applied to each of them. By that rule we must not reject "parts or words." This means we must not reject the part of the application which says: "There shall be no liability for the payment of any benefit unless this application shall have been approved by the Medical Director of the Society." Nor can we under the rule reject the part of the receipt which provides that, "The Society agrees that the benefits applied for shall be in effect from *the date of the completion of the application, if* the applicant is insurable. . ." (Emphasis supplied). No reasonable reading of the application can fail to

see that it is incomplete until approved by the medical director. Nor can any reasonable reading of the receipt overlook that it is conditional upon this completion of the application, and the applicant is found to be insurable as a standard risk. It is explicit in saying that if applicant is not insurable as a standard risk on the date the application is completed the agreement is void and the society will refund what has been paid. Therefore, to say that a petition based upon these, which does not allege that the application has been completed and the applicant found at that time to be insurable as a standard risk, sets out a cause of action, is to ignore parts of the documents and give effect to other parts plainly dependent upon the ignored parts for validity. We believe the established law to be that when a petition is sustained against a general demurrer, proof of its allegations entitles the petitioner to recover. See *Hicks v. Revels*, 142 Ga. 524 (83 SE 115); *Pierpont Mfg. Co. v. Mayor &c. of Savannah*, 153 Ga. 455 (112 SE 462); *Oliver v. Central of Ga. R. Co.*, 210 Ga. 597 (81 SE2d 793); *Middlebrooks v. Goolsby*, 213 Ga. 617 (100 SE2d 441). But despite the assertions in the opinion of the Court of Appeals that the conditions upon which the receipt is based, which are indispensable to recovery may be shown by evidence, it nevertheless remains, and that court would surely hold that when allegations of a cause of action which have been upheld as against a demurrer are proven no further evidence is required to authorize a verdict for the plaintiff. Therefore, all talk about further evidence is futile and irrelevant.

The Court of Appeals ruled that "the condition stated in the receipt is construed to be a condition subsequent rather than a condition precedent." 114 Ga. App. 807, supra. This ruling we think cannot be reconciled with the stipulation in the application that "There shall be no liability for the payment of any benefit unless the application shall have been approved by the Medical Director of the Society. . ." Such ruling contradicts the receipt which in part says: "In consideration of . . . the statements in the application, the Society agrees that the benefits applied for shall be in effect from the date of the completion of the application, if the applicant is insurable

for the amount and plan applied for as a standard risk. . ."
These quotations from the application and receipt show that
it depended upon the stated conditions whether any insurance
was provided by the receipt. To put the full insurance in force
at the time when the medical director knew nothing of the
physical condition, would ignore the reason for being concerned
about health. It is beyond all human reason to think seriously
that the insurer, who takes great care to determine if the insured
is in good health, would thus lapse into utter indifference as to
the insured's health.

We are fully aware of the rule of construction that requires
ambiguities in an insurance policy to be construed in favor of
the insured and against the insurer who wrote the policy. This
position is fully covered in *Davis v. United &c. Life Ins. Co.*,
215 Ga. 521 (2) (111 SE2d 488). But an equally valid rule
is that an unambiguous policy requires no construction, and
its plain terms must be given full effect even though they are
beneficial to the insurer and detrimental to the insured. *Yan-
cey v. Aetna Life Ins. Co.*, 108 Ga. 349 (33 SE 979); *Wheeler
v. Fidelity & Cas. Co.*, 129 Ga. 237 (58 SE 709); *Wolverine
Ins. Co. v. Jack Jordan, Inc.*, 213 Ga. 299 (99 SE2d 95), and
citations at page 302. These two documents upon which this
case depends are the application and the receipt which are
harmonious since the receipt expressly makes the application
a part of the receipt. The receipt as above mentioned says in
part: "In consideration . . . of the statements in the appli-
cation the Society agrees. . ." One of the statements in the
application is: "I agree as follows: . . . 2. That there
shall be no liability for the payment of any benefit unless this
application shall have been approved by the Medical Director
of the Society." The receipt further provides that: "the bene-
fits applied for shall be in effect from the date of the comple-
tion of the application" and "if the applicant is insurable for
the amount and plan applied for as a standard risk under the
rules and practices of selection of the Society." When one
looks to the application it must be recognized that its comple-
tion embraces its approval by the medical director of the soci-
ety, and this is a condition precedent to any "liability for the

payment of any benefits," so stated in the application and expressly adopted in the receipt. It is wrong to say the receipt insures from its date when it says that the benefits "shall be in effect from the date of the completion of the application, if the applicant is insurable for the amount and plan applied for as a standard risk." The only provision for ascertaining if the applicant is insurable is for the medical director of the society upon consideration of the application to so find.

There can be found no conflict in the application and the receipt. The receipt would be meaningless without the application. The amount and plan of insurance is found only in the application. It takes both to give meaning to the receipt, and since the receipt expressly states that part of its consideration is statements in the application they are in full accord. Can a court of justice therefore eliminate and ignore statements in the application that there is no liability unless the application shall have been approved by the medical director? The receipt by reference adopts this statement in the application. It is a statement by the applicant made in the application, for it is preceded by these words: "I agree as follows."

The two papers amount only to insurance between acceptance of the risk and issuance of the policy, when and if the application is completed by the approval of the medical director and the applicant is found to be insurable for the amount and plan applied for as a standard risk. The effective date of the insurance is when these conditions have been met, thus covering a period not embraced in the policy if dated sometime after full acceptance of the risk. This might not be of great value but the parties agreed upon it, and hence it is no legitimate concern of the courts.

For the foregoing reasons the trial court did not err in sustaining the demurrer and dismissing the petition, and the Court of Appeals erred in reversing that judgment.

*Judgment reversed. All the Justices concur, except Mobley and Nichols, JJ., who are disqualified.*