## 44228. McLEMORE v. LIFE INSURANCE COMPANY OF GEORGIA.

ARGUED JANUARY 7, 1969—DECIDED MARCH 14, 1969.

*Melton, McKenna & House, Andrew W. McKenna, Joseph H. Briley,* for appellant.

*Martin, Snow, Grant & Napier, George C. Grant,* for appellee.

QUILLIAN, Judge. On the prior appearance of this case it was held that the petition set forth a claim because: (1) it was alleged that the appellee had approved the application for insurance; (2) there was no showing that the deceased had failed to have a medical examination or that it was necessary for the deceased to have a medical examination prior to appellee's approval of the application.

On summary judgment the appellee produced evidence (1) that such medical examination was a condition precedent to the approval of the application for the policy; (2) that the deceased never had the necessary medical examination.

Everett W. Wilson, who was chief underwriter for the appellee at the time in question, stated in his affidavit that: he was in charge of approval or disapproval of all applications for insurance; the appellee required a physical exam and a report from a doctor on all policies of the amount for which the deceased had applied; no report of a medical examination was received by the appellee in connection with the application of the deceased, and the application was never approved.

C. E. Perry, Jr., the agent who took the application from the deceased, stated in his affidavit that a physical examination was required on the policy for which the deceased had applied; he made an appointment with the doctor for the deceased to obtain the examination; he took the necessary report forms to the doctor's office.

Dr. H. I. Connor's deposition said that: the deceased had an appointment with him for the physical examination but never came in; he never made any report in connection therewith.

Appellant contends that portions of the affidavits in support of the summary judgment should not have been admitted. Assuming but not deciding that this contention was correct, the evidence stated above was sufficient to prove the facts necessary to sustain the motion for summary judgment.

As was stated in the previous opinion in the case sub judice, that which was held in *Woodmen of the World Life Ins. So-*

*ciety v. Etheridge*, 223 Ga. 231 (154 SE2d 369), is controlling as to the issue here involved. The evidence having disclosed that the medical examination was a condition precedent to the approval of the policy for life insurance and the deceased having failed to have the necessary physical, the granting of the summary judgment was proper.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*