### 45108. DICKERT v. ALLSTATE INSURANCE COMPANY et al.

BELL, Chief Judge. Plaintiff sought recovery on a liability insurance policy issued by defendant insurer. The material facts are not in dispute. The trial court granted defendant's motion for summary judgment.

The question presented concerns a construction of the liability policy as to whether it affords any coverage for an accident upon which a third party obtained a judgment against the

plaintiff. Plaintiff is an independent contractor who installed home appliances. In the course of his business, he installed a dishwasher in the residence of a third party. Three days after completion of the installation, there occurred in the pipes connected by plaintiff leakage of water which caused damage to the residence. Defendant insurer denied any liability under the provisions of the manufacturers and contractors liability policy it sold to plaintiff. The insuring agreement provides that insurer will pay on behalf of the insured all damages which the insured shall be lawfully required to pay "caused by accident and arising out of the hazards hereinafter defined." One of the defined hazards in the policy is the products hazard which by the definition would include the completed operation involved here. However, this coverage was expressly excluded by the policy. Further, a declaration attached to and made a part of the policy clearly shows that plaintiff did not purchase this coverage. Plaintiff claims there is an ambiguity in the terms of the policy. Ambiguity is not to be created by lifting a clause or portion of the contract out of context. *Midland Nat. Ins. Co. v. Wright,* 117 Ga. App. 208 (1) (160 SE2d 262). We have carefully examined the policy in its entirety and do not find it to be ambiguous. By its plain and unmistakable terms, the policy does not include the coverage claimed. If the terms of an insurance contract are unambiguous, we must construe them to mean what they say. *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, 582 (168 SE2d 171) ; *Pacific Indem. Co. v. N. A. Inc.,* 120 Ga. App. 793, 794 (172 SE2d 192). The trial court's order granting defendant's motion for summary judgment was not erroneous.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED FEBRUARY 2, 1970—DECIDED MAY 19, 1970.

*Merrell H. Collier, John L. Respess, Jr.,* for appellant.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, David A. Handley,* for appellees.