WAYNE LAVALLEUR, APPELLEE, AND
A & A EQUIPMENT CO., A CORPORATION, APPELLANT, V.
STATE AUTOMOBILE & CASUALTY UNDERWRITERS,
APPELLEE.

302 N.W.2d 362

Filed February 20, 1981. No. 43012.

William H. Sherwood and Charles J. Cuypers of Sherwood Law Office for appellant.

Kenneth H. Elson for appellee.

Heard before BOSLAUGH, BRODKEY, and WHITE, JJ., and CASE and GARDEN, District Judges.

CASE, District Judge.

This case arose in the District Court of Phelps County; the plaintiff Wayne Lavalleur being the owner and operator of a welding and repair business in Holdrege, Nebraska. His coplaintiff A & A Equipment Co. was the owner of a backhoe which was repaired by Lavalleur. The defendant insurer issued a manufacturers' and contractors' liability policy to Lavalleur. Lavalleur repaired a broken bracket on a hydraulic cylinder of the backhoe owned by A & A Equipment Co. After Lavalleur completed the repairs and departed the premises, the backhoe was severely damaged by fire.

Lavalleur, in a separate action, was sued by A & A Equipment Co. on this set of facts. The defendant insurer refused to defend Lavalleur in that action; whereupon Lavalleur retained counsel and defended at his own expense. A judgment was rendered in that

action for A & A Equipment Co. in the sum of $2,761.31, together with interest and costs of the action.

Lavalleur then assigned his rights under the policy to A & A Equipment Co., the sole appellant herein, and it filed this action under the assignment. In this action, A & A Equipment Co. alleged the fire, the insurance coverage, assignment of rights, and the refusal of the defendant to defend the original action, and prayed for judgment it had recovered from Lavalleur and costs of rental during the period of repair.

The defendant, in its answer, admitted to refusing to pay Lavalleur's claim or to defend the suit, also admitting the entry of the judgment. The defendant, for an affirmative defense, alleged the policy provided an exclusion to coverage under the clause "completed operations hazard," and that the damage to property was not covered within that clause.

The clause in the policy provides that this insurance does not apply to property damage within the completed operations hazard (1) when all operations to be performed by or on behalf of the named insured under the contract have been completed, (2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, and (3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project. "Products hazard" is defined as property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the property damage occurs away from the premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others.

The position of the appellant is that Lavalleur was

obligated to inspect and extinguish any spark or flames; that the fire which damaged the backhoe was already ignited at the time that Lavalleur left the premises; and that the operation was not completed because of his failure to inspect.

The matter was tried to the District Court on stipulated facts, the parties agreeing to a series of 23 stipulations encompassing the factual situation. The stipulations include the following:

"7. When Lavalleur left the farm where he repaired Plaintiff's backhoe, he did not leave any tools, equipment or repair parts at the farm and the repairs had been completed.

"8. Immediately after completing the welding repair work on plaintiff's backhoe, Lavalleur left the farm where the repair was done, and approximately twenty minutes later the backhoe was severely damaged by fire.

"9. Immediately before and at the time he left the farm where he repaired the backhoe, Lavalleur had not seen any flames, smoke or any other indication of fire in any part of the backhoe repaired by Lavalleur using his welding equipment.

"10. The damage to Plaintiff's backhoe was caused by Lavalleur's negligence."

The District Court, on the stipulated facts, dismissed the action and taxed costs to the plaintiffs.

The sole issue here is whether the operation was completed when Lavalleur left the premises, with the liability of the defendant insurer terminating at that point. This court has had opportunity to decide a like question in *Steinheider & Sons, Inc. v. Iowa Kemper Ins. Co.*, 204 Neb. 156, 281 N.W.2d 539 (1979). There, the plaintiff was in the cattle feed business and had mistakenly given out a product which was thought to be a mastitis preventative in dairy cattle, when, in reality, the product was a very strong disinfectant for sterilizing hog barns. The purchaser made claim against Steinheider; and upon denial by the insurer to

defend under the completed operations hazard clause, Steinheider brought the action against his insurer. There, we held that while it may very well be true that the alleged negligence occurred on the premises and, in fact, Steinheider may have liability to the customer, it is likewise clear the property damage did not occur until after delivery and was off the premises, as contemplated by the completed operations hazard or a products hazard.

Also, in *Kansas-Nebraska Nat. Gas Co., Inc. v. Hawkeye-Security Ins. Co.*, 195 Neb. 658, 240 N.W.2d 28 (1976), we had the opportunity to pass on a similar question. There, one Gilbert O. Huston excavated a sewer trench in 1959, damaging the plaintiff's natural gas line. Huston refilled the trench without notifying the gas company. In 1965 Huston purchased a policy from the defendant which did not provide coverage for completed operations, as in the instant case. In 1966 a fire occurred at the site, resulting in a death; the fire being caused by a leak caused by Huston's earlier damage to the gas line. There, the gas company took an assignment of Huston's rights and brought action against the insurer, alleging coverage under the policy issued to the defendant Huston. The defendant insurer denied coverage for completed operations. We there held, and so hold here, that in the resolution of a controversy concerning the meaning of an insurance contract and the coverage therein, the contract must be viewed as a whole, and the insurance contract must be construed as to give effect as to the intent of the parties at the time the contract was made. See, also, *Kent v. Dairyland Mut. Ins. Co.*, 177 Neb. 709, 131 N.W.2d 146 (1964).

Both Huston and the insurer did not intend completed operations coverage. If Huston had desired completed operations coverage, he could have done so by paying an additional premium.

The policy herein provided for five different areas of coverage, including manufacturers' and contractors'

liability, completed operations, and products liability. The insured, Lavalleur, purchased only the manufacturers' and contractors' liability; and, although available, he did not purchase the other coverages.

In a few cases dealing with the time when an operation could be deemed completed, within the meaning of a completed operations exclusionary provision, it has been held that the operation was or could be considered completed, notwithstanding that some part of the work, including inspection, had not been performed at the time of the injury.

In *Standard Acc. Ins. Co. v. Roberts*, 132 F.2d 794 (8th Cir. 1942), it was held that the exclusion applied to an injury suffered by purchasers of a gas-operated refrigerator when the connection between the refrigerator and the gas pipes in the house permitted gas to escape into the house during the night following installation. The court rejected the contention of the insured that the policy covered results from improper installation, including improper inspection to make sure the installation was safe.

In *Green v. Aetna Insurance Company*, 397 F.2d 614 (5th Cir. 1968), where a repairer of a drilling-rig collar returned the collar without having repaired one end of it as required by the repair agreement, the court held that the injury was excluded under the "completed operations" section of the products liability exclusion. The court took the position that the failure of the repairer to repair both ends of the collar did not preclude the resulting injury from being considered as within the completed operations exclusion.

In *Tidewater Associated Oil Co. v. Northwest Casualty Co.*, 264 F.2d 879 (9th Cir. 1959), where an injury occurred because an oil company truckdriver apparently negligently poured gasoline instead of stove oil into an oil can, causing an explosion and injury, it was held that the injury was within the products liability exclusion since the operation of the insured oil company in delivering the oil to the company had

been completed the day before the injury occurred. The court pointed out that any possible contention that it had not been completed was negatived by the provisions in the policy with respect to the effect of improper, defective performance upon a determination of completion of operations.

In *Dickert v. Allstate Insurance Co.*, 121 Ga. App. 760, 175 S.E.2d 98 (1970), where an insured connected certain water pipes and 3 days after completion of installation leakage occurred, causing damage to the residence, the court held that the damage was excluded under the products liability completed operations exclusion; thus adopting the position, without express discussion, that the installation operation had been completed when the insured left the premises within which the work was done, and that the question of completion was not considered affected by negligence in the performance of the work or the failure of the completed work to function properly.

Liability of the plaintiff Lavalleur, which arose after he had completed his work, left the scene without leaving any tools, equipment, or repair parts, and upon leaving had not seen any flames, smoke, or any other indication of fire in any part of the backhoe, in our opinion, could only arise under the completed operations and products liability insurance coverage which Lavalleur had failed to purchase from the insurer.

We conclude that there is complexity involved in the policy provisions herein, but there is no ambiguity; as such, the insurance company had the right to limit its liability by including those limitations in the policy definition. For the reasons stated above, the judgment of the District Court is affirmed and the costs of the action, including the cost of appeal, are herewith taxed to the appellant, A & A Equipment Co.

AFFIRMED.