## 71146. SIMMONS v. BLUE CROSS & BLUE SHIELD/COLUMBUS, INC.
### (337 SE2d 764)

McMURRAY, Presiding Judge.

Plaintiff brought suit against defendant insurance company on July 5, 1984, seeking the payment of medical expenses incurred by plaintiff's minor son. The insurance company defended the suit on the grounds, inter alia, that a claim for the medical expenses was not timely filed and that, even if such a claim had been filed timely, plaintiff did not bring suit within the contractual period.

The policy of insurance provided that "[a]ll claims must be filed during a benefit period or within twelve months following the end of a benefit period." It defined the "benefit period" as the period beginning on the first day of January and ending on the last day of the same year. Plaintiff's son was injured on March 19, 1981. Thus, a claim for the medical expenses incurred by plaintiff's son should have been filed before January 1, 1983. The policy also provided that lawsuits for any claim must be brought "within twelve months from the date when the cause of action occurred."

Following discovery, the insurance company moved for summary judgment. In support of its motion, the insurance company filed the affidavit of its Vice President-Claims, Robert B. Thompson. Mr. Thompson averred that he is the custodian of the claims records of the defendant insurance company; that he conducted a review of the claims records of the company; and that no claim was filed by or on behalf of plaintiff or plaintiff's son with regard to the March 19, 1981, injury except for a letter, dated May 19, 1984, from plaintiff's attorney to the insurance company. Plaintiff admitted that he never filled out a claim form and never contacted the defendant insurance company about his son's medical expenses.

The trial court granted defendant's motion for summary judgment and plaintiff appealed. He contends a genuine issue of material fact remains concerning the filing of the claim and the contractual limitation defenses. In support of this contention, plaintiff points to the affidavit of his former wife, Cynthia Simmons. In her affidavit, Ms. Simmons averred that the next day after her son was admitted to the hospital, "a female called [her son's] room and asked for Mrs. Simmons. . . . [The caller] stated she was from the insurance company and proceeded to ask for information regarding [the son's] injury, name of his doctor and his father's name. . . . That after the information was given, she stated they would take care of it from

there." Ms. Simmons clarified the statements made in her affidavit via deposition. Ms. Simmons stated she did not know if the female caller identified the insurance company and that if the caller did, she did not remember the name of the insurance company. *Held*:

1. When a motion for summary judgment is made and supported by evidence, the party opposing the motion may not rest his case as made but must set forth specific facts and present his case in full in order to show there is a genuine issue of material fact for trial. *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566, 567 (307 SE2d 99).

2. In order to set forth specific facts in opposition to a motion for summary judgment, one must present such facts as would be admissible in evidence upon the trial of the case. *Davidson v. American Fitness Centers*, 171 Ga. App. 691 (320 SE2d 824); *Mullis v. Merit Fin. Co.*, 116 Ga. App. 582 (158 SE2d 415); *General Ins. Co. v. Camden Constr. Co.*, 115 Ga. App. 189, 192 (154 SE2d 26).

3. Having demonstrated that plaintiff failed to comply with the policy provision requiring the filing of a claim within 12 months of the benefit period, defendant insurance company was entitled to the entry of summary judgment in its favor in the absence of specific facts showing the timely filing of a claim or the waiver by conduct of the claim provision. See *Government Employees Ins. Co. v. Gates*, 134 Ga. App. 795, 796 (216 SE2d 619).

4. Even if the evidence presented by the affidavit and deposition of Ms. Simmons (concerning the telephonic contact by a representative of an insurance company) was sufficient to demonstrate the timely filing of the claim or a waiver by the insurance company of the claim provision, such evidence would not be admissible at trial. *Denson v. State*, 209 Ga. 355, 356 (6) (72 SE2d 725). Accordingly, plaintiff failed to present specific facts to rebut the defendant insurance company's averments that it did not receive timely notice of a claim.

5. Assuming, arguendo, the claim was filed timely, defendant was entitled, nonetheless, to the entry of summary judgment in its favor because this action was not brought within the contractual limitation period. Moreover, "the case is lacking in evidence of any affirmative promise, statement or other act of the defendant or any evidence of actual or constructive fraud to lead the plaintiff into believing that the defendant intended to enlarge on the limitation period contained in the contract as to the time in which plaintiff had to file suit." *Johnson v. Ga. Farm Bureau Mut. Ins. Co.*, 141 Ga. App. 859, 861 (234 SE2d 693). Accord *Desai v. Safeco Ins. Co.*, 173 Ga. App. 815 (328 SE2d 376). See also OCGA § 33-24-40.

6. The mere fact that plaintiff's son was a minor did not toll the contractual limitation period. This action was brought by the plaintiff, and was not brought on behalf of plaintiff's son.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 4, 1985 —
REHEARING DENIED NOVEMBER 7, 1985 —

*Clarence L. Martin,* for appellant.
*James B. Matthews III, Joseph P. Brennan, Howell Hollis,* for appellee.