72592. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. NOLAN.
(348 SE2d 554)

BANKE, Chief Judge.

Nolan sued Georgia Farm Bureau Mutual Insurance Company to recover casualty insurance benefits allegedly owed to him as the result of damage to his home and its contents caused by fire. Georgia Farm defended based on the following policy language: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within 12 months after inception of the loss." We granted the insurance company's application for an interlocutory appeal from the denial of its motion for summary judgment.

It is undisputed that the loss occurred on October 7, 1984, and that the lawsuit was not commenced until November 1, 1985. Nolan alleged in his complaint that the insurance company had waived the 12-month limitation imposed by the policy by leading him to believe the claim would be paid. In support of this allegation, he testified in his deposition that on certain unspecified occasions an agent of Georgia Farm had told him his claim would be paid, that he had made numerous demands to the company for proof-loss forms, and that the company had failed to provide the forms to him after indicating that it would do so.

On the other hand, Nolan also acknowledged in his deposition that within about four months after the fire, he had been informed by the company's agents that the company did not intend to pay anything on the claim. Furthermore, his attorney wrote the company a letter in April of 1985 containing a formal demand for payment and announcing an intention to sue within 60 days unless such payment were forthcoming. *Held*:

" 'It is a universal rule that, where the insurer, by its acts in ne-

gotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time. Cooley's Briefs on Insurance, 3992. Where suit has been delayed beyond the stipulated time on account of direct promises of the company to pay the claim, the action is not barred by the delay so caused. [Cit.]' Further, it is not necessary that there be an actual promise to pay in order for the acts of the insurer to effect a waiver of the time limitation. If the facts show that negotiations for a settlement have led the insured to believe that the claim would be paid by the insurer, without a suit, this will constitute a waiver of the time requirement. . . ." *Nee v. State Farm &c. Cas. Co.*, 142 Ga. App. 744, 746 (236 SE2d 880) (1977). However, mere negotiation for settlement, unsuccessfully accomplished, "is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of [the contractual time limitation] defense by the [insurer]." *Desai v. Safeco Ins. Co.*, 173 Ga. App. 815, 818 (328 SE2d 376) (1985).

In this case, Nolan's testimony that he relied on representations by the company that the claim would be paid is directly contradicted by his testimony that, within four months after the claim arose, he had been advised by the company's agents that the claim would not be paid. This contradiction is highlighted by his attorney's demand letter to the company, which was written some five months after the fire. The rule on summary judgment is that where a party directly contradicts himself, the conflict will be resolved against him unless a reasonable explanation is offered. See *Prophecy Corp. v. Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). See also *Combs v. Adair Mtg. Co.*, 245 Ga. 296 (264 SE2d 226) (1980). As the record in the present case suggests no explanation whatever for Nolan's contradictory testimony, it follows that Georgia Farm was entitled to summary judgment based on Nolan's failure to file suit within the 12-month limitation period set forth in the policy.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 15, 1986 —
REHEARING DENIED JULY 29, 1986

*Terry A. Dillard, Bryant H. Bower, Jr.,* for appellant.
*Mitchell O. Moore,* for appellee.