A91A0345. GILES et al. v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.
(405 SE2d 112)

SOGNIER, Chief Judge.

On October 9, 1989, Tommy and Ginger Giles filed suit against Nationwide Mutual Fire Insurance Company to recover on a claim for a fire loss incurred on October 28, 1987. The trial court granted summary judgment to Nationwide because a clause in the insurance policy at issue required actions against Nationwide to be brought within one year of the loss. The Gileses appeal.

Within a few days after the fire destroyed a garage and storage shed at their home, appellants notified appellee of their claim and

began meeting with appellee's claims representative to quantify the loss. Appellants submitted a sworn proof of loss claim on February 2, 1988, and shortly thereafter engaged counsel to assist in pursuing their claim. Appellee requested that appellants give oral statements under oath as required by the policy. Appellants agreed, but the parties then became embroiled in a dispute over the site for the taking of these statements, with appellee scheduling the statements at the Decatur office of its counsel and appellants insisting that the statements be taken either at their home in Greensboro or at the office of their counsel in Athens. On August 3, 1988, appellants' counsel sent a letter to appellee demanding immediate payment of $53,000 in settlement of appellants' claim and threatening to file suit if payment was not received within 60 days. On September 7, 1988, appellee's claims adjuster offered to settle the claim for $16,800, but on the same day appellee's counsel wrote a letter informing appellants' attorney that the claim had been denied because of appellants' failure to give sworn statements. Appellants' counsel responded two days later with a letter in which he again raised the prospect of legal action. There was no further contact between the parties until suit was filed 13 months later.

1. The limitation of action clause in the policy provides as follows: "Suit Against Us. No action can be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage." Appellants contend that this clause is ambiguous because the term "action" could be interpreted to mean any action undertaken by an insured to assert a claim, not just the initiation of a lawsuit, and consequently the clause should be construed against appellee to permit coverage of the claim.

We do not agree. "There is no construction [of an insurance contract] required or even permissible when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation. [Cit.]" *Cincinnati Ins. Co. v. Davis*, 153 Ga. App. 291, 294 (265 SE2d 102) (1980). "A contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties. [Cit.]" Id. Applying the rule that "[a]n insurance policy, like any other contract, must be interpreted according to its plain language and express terms [cit.]," *Ga. Farm &c. Ins. Co. v. Fire &c. Ins. Co.*, 180 Ga. App. 777, 778 (350 SE2d 325) (1986), we find that in the clause at issue the word "action" must be read together with the clause heading, "[s]uit against us." The Random House Dictionary of the English Language (unabr. 2d ed.) defines "suit" as, inter alia, "the act, the process, or an instance of suing in a court of law; legal prosecution; lawsuit." Id. at 1902. "Action" is defined in part as "*Law*[:] a

proceeding instituted by one party against another[;] the right of bringing it." Id. at 20. Thus, when these terms are given their ordinary meaning and viewed from the perspective of a lay person, *Cincinnati Ins. Co.*, supra at 295, the clear and unambiguous meaning of the clause is that lawsuits brought against appellee must be filed within one year of the date of loss or damage.

2. We decline appellants' invitation to depart from the long line of cases holding that a limitation of action clause such as the one at issue here is valid and enforceable. See, e.g., *Herring v. Middle Ga. Mut. Ins. Co.*, 149 Ga. App. 585 (254 SE2d 904) (1979); *Aiken v. Northwestern Mut. Ins. Co.*, 106 Ga. App. 220-221 (126 SE2d 630) (1962).

3. In their remaining enumeration of error, appellants assert that a fact question exists concerning whether appellee, by its actions in negotiating a settlement with appellants, waived its right to insist on compliance with the limitation of action clause. "It is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time." (Citations and punctuation omitted.) *Georgia Farm &c. Ins. Co. v. Nolan*, 180 Ga. App. 28-29 (348 SE2d 554) (1986). If the insurer makes direct promises to pay or if settlement negotiations have lead the insured to believe that the claim will be paid without litigation, the time requirement is waived. Id. "However, mere negotiation for settlement, unsuccessfully accomplished, 'is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of (the contractual time limitation) defense by the (insurer).' [Cit.]" Id. at 29.

Here, the only settlement offer on record was in an amount substantially less than the sum sought by appellants, and they unequivocally rejected that offer and threatened legal action if the entire amount claimed was not paid. Further, appellee's counsel stated appellants' claim had been denied for failure to comply with the policy provisions concerning loss investigations. The undisputed evidence thus demonstrates that the parties unsuccessfully concluded settlement negotiations before the one-year limitation period expired. See id.; compare *Nee v. State Farm Fire &c. Co.*, 142 Ga. App. 744 (236 SE2d 880) (1977). The record " 'is lacking in evidence of any affirmative promise, statement or other act of [appellee] or any evidence of actual or constructive fraud to lead [appellants] into believing that [appellee] intended to enlarge on the [contractual] limitation period . . . .' [Cits.]" *Simmons v. Blue Cross & Blue Shield &c.*, 176 Ga. App. 767, 768 (5) (337 SE2d 764) (1985). Accordingly, the trial court properly granted summary judgment to appellee. See id. at 768 (3, 5).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991.

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, William S. Cowsert,* for appellants.
*Murray, Temple & Dinges, William D. Strickland,* for appellee.