## A91A1007. SERRMI PRODUCTS, INC. v. INSURANCE COMPANY OF PENNSYLVANIA.
(411 SE2d 305)

CARLEY, Presiding Judge.

Appellee-defendant issued a "claims made" liability insurance policy to appellant-plaintiff. Upon a certain claim being made against it, appellant notified appellee and sought coverage. However, appellee denied that it afforded appellant coverage for the claim. Appellant then initiated the instant declaratory judgment action, seeking a declaration that it was afforded coverage by appellee for the claim. Appellee answered and, after discovery, moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

"The liability insurance policy at issue in this case is referred to as a claims-made policy (sometimes called a discovery policy) as distinct from an occurrence policy. An occurrence policy is a policy in which the coverage is effective if the negligent act or omission occurs within the policy period, regardless of the date of discovery or the date the claim is made or asserted. [Cits.] . . . A claims-made policy is a policy 'wherein the coverage is effective if the negligent or omitted act is discovered and brought to the attention of the insurer within the policy term.' [Cits.] The essence, then, of a claims-made policy is notice to the carrier within the policy period." *Gulf Ins. Co. v. Dolan, Fertig and Curtis,* 433 S2d 512, 514 (2, 3) (Fla. 1983).

The instant policy provided coverage for such claims as were made against appellant between March 1, 1987 and March 1, 1988. However, it is undisputed that the claim that is here at issue was not made against appellant and reported to appellee until *after* March 1, 1988.

The instant policy also provided for a general 60-day "automatic limited Extended Reporting Period" which commenced "with the end of the policy period." Under this provision, a claim which was first made during that 60-day period would be "deemed to have been made on the last day of the policy period. . . ." However, it is undisputed that the claim that is here at issue was *not* made against appellant and reported to appellee within the 60-day period following March 1, 1988.

The instant policy also provided for a limited two-year "automatic limited Extended Reporting Period" which was applicable "only to claims as a result of an 'occurrence' covered by this policy

which [had] been reported to [appellee] . . . not later than 60 days after the end of this policy." (Emphasis omitted.) Although the claim that is here at issue had been made against appellant and reported to appellee within the two-year period following March 1, 1988, it is nevertheless undisputed that that claim was *not* itself based upon a covered "occurrence" which appellant had caused to be reported in writing to appellee within the 60-day period following March 1, 1988. The policy clearly required the insured to "see to it that [appellee was] notified promptly *in writing* of an 'occurrence' which may result in a claim." (Emphasis in original.)

It follows that, under the unambiguous terms of the policy, appellant is afforded no coverage for the claim that is here at issue. "We are fully aware of the rule of construction that requires ambiguities in an insurance policy to be construed in favor of the insured and against the insurer who wrote the policy. . . . But an equally valid rule is that an unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured. [Cits.]" *Woodmen of the World Life Ins. Society v. Etheridge*, 223 Ga. 231, 235 (154 SE2d 369) (1967). " 'It is the function of the court to construe the contract as written and not to make a new contract for the parties. [Cit.]. . . An unambiguous contract will be construed to carry out the literal intent of the parties.' [Cit.]" *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319, 322 (3) (309 SE2d 147) (1983). "Ambiguity is not to be created by lifting a clause or portion of the contract out of context. [Cit.]" *Dickert v. Allstate Ins. Co.*, 121 Ga. App. 760, 761 (175 SE2d 98) (1970). As held by the trial court, "the two-year extended reporting period applies *only to* [claims based upon] 'occurrences' reported [to appellee by appellant in writing] no later than 60 days after the end of the policy period." (Emphasis supplied.)

"With claims-made policies, the very act of [excusing the insured from the reporting provision or] giving an extension of reporting time after the expiration of the policy period [and any extended reporting period] . . . negates the inherent difference between the ['occurrence' and the 'claims made'] contract types. Coverage depends on the claim being made and reported to the insurer during the policy period. Claims-made or discovery policies are essentially *reporting* policies. . . . If a court were [to excuse the insured from the reporting requirement or] to allow an extension of reporting time after the end of the policy period [and any extended reporting period], such is tantamount to an *extension of coverage* to the insured gratis, something for which the insurer has not bargained. This extension of coverage, by the court, so very different from a mere condition of the policy, in effect rewrites the contract between the two parties." (Emphasis in original.) *Gulf Ins. Co. v. Dolan, Fertig and Curtis*, supra at 515-516.

The instant policy contained a provision whereby appellant, in consideration of an additional premium, could have secured an optional extended reporting period of 24 months, without any requirement that the underlying occurrence have been reported to appellee within 60 days. If appellant had exercised this option, the instant claim would presumably be covered. "But [it] did not, and consequently [appellee] was obligated neither to defend the pending negligence action nor to pay any judgment obtained against [appellant] therein." *Gereboff v. Home Indem. Co.*, 383 A2d 1024, 1027 (R.I. 1978). " '(T)he insured received what (it) paid for by the present policy, with premiums presumably reduced to reflect the limited coverage.' [Cit.] [Appellant] cannot now be heard to complain." *Gulf Ins. Co. v. Dolan, Fertig and Curtis*, supra at 516.

Under the unambiguous terms of the policy and the undisputed evidence of record, appellant is afforded no coverage and the trial court correctly granted summary judgment in favor of appellee. See *Dixon v. Midland Ins. Co.*, supra at 323 (4).

*Judgment affirmed. Sognier, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 13, 1991 —
RECONSIDERATION DENIED OCTOBER 7, 1991 —

*Orr & Edwards, W. Fred Orr II, James G. Edwards*, for appellant.

*Goldner, Sommers & Scrudder, Stephen L. Goldner, C. G. Jester, Jr.*, for appellee.