A92A1124. BARTLETT et al. v. AMERICAN ALLIANCE INSURANCE COMPANY.
(424 SE2d 825)

SOGNIER, Chief Judge.

John and Diane Bartlett brought suit against Denise Joiner and another defendant seeking to recover damages for Mr. Bartlett's personal injuries incurred in an automobile collision with Joiner and for Ms. Bartlett's loss of consortium. American Alliance Insurance Company, Joiner's automobile insurance carrier, settled Mr. Bartlett's personal injury claim for $250,000 and sought a declaration of its obligation under the policy to pay Ms. Bartlett's loss of consortium claim as a damage independent of her husband's claim. The trial court granted American Alliance's motion for summary judgment, and this appeal ensued.

Joiner's policy with appellee provides "bodily injury liability" of $250,000 for each person for a total of $500,000 per accident as well as property damage liability coverage of $50,000 for each accident. Neither bodily injury nor property damage is defined in the policy for purposes of the general liability section in issue in this appeal. The

policy sets forth that appellee "will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident" and provides that "[t]he limit of liability . . . for 'each person' for Bodily Injury Liability is our maximum limit of liability *for all damages for bodily injury sustained by any one person* in any one auto accident. Subject to this limit for 'each person,' the limit of liability . . . for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability . . . for 'each accident' for Property Damage Liability is our maximum limit of liability for all damages to all property resulting from any one auto accident." (Emphasis supplied.) The trial court granted appellee's motion for summary judgment, finding that the policy language limited the Bartletts to the per person liability limit of $250,000 rather than the $500,000 per accident limit.

1. Appellants contend the above-cited language is ambiguous and, when construed most strongly against appellee, see generally *Clark v. United Ins. Co.*, 199 Ga. App. 1, 5 (4) (404 SE2d 149) (1991), the policy entitles Ms. Bartlett to recover for her loss of consortium claim independent of her husband's claim.[1] Appellants present two arguments to support their contention.

First, appellants argue that because "bodily injury" is not defined in the policy, this court should not interpret the phrase "damages for bodily injury sustained" as limited to damages for "physical" injury but instead should construe it to encompass damages for a non-physical injury such as Ms. Bartlett's loss of consortium claim. In support of this argument appellants cite *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333 (380 SE2d 686) (1989), in which the Supreme Court, in interpreting a word not otherwise defined in an insurance policy, held that the primary dictionary definition of the word did not control because the secondary dictionary definition was reasonable and commonly used and led to a construction advantageous to the insured as the party who did not draft the contract. Id. at 334-335 (1).

However, even construing "damages for bodily injury sustained by a person" most strongly against appellee, the party executing the instrument, OCGA § 13-2-2 (5), and looking to all reasonable definitions applicable to those words, *Claussen*, supra, we cannot agree with appellants that a loss of consortium injury sustained by a person constitutes a "bodily" injury. Webster's Second New International Dictionary 300 (1959, unabridged) defines "bodily" as "[h]aving a

---

[1] Given the settlement of Mr. Bartlett's personal injury claim at the policy's maximum limit for bodily injury liability, no question is presented here whether Ms. Bartlett would have been entitled to recover for her loss of consortium as part of the "damages for bodily injury" sustained by Mr. Bartlett.

body" and "[o]f or pertaining to the body." See also The Random House Dictionary 232 (2nd ed. 1987, unabridged) ("bodily" defined as "of or pertaining to the body" and "corporeal or material"). Black's Law Dictionary 159 (5th ed. 1979) likewise defines "bodily" as "[p]ertaining to or concerning the body; of or belonging to the body or the physical constitution; not mental but corporeal" and defines "bodily injury" as "[g]enerally refer[ring] only to injury to the body, or to sickness or disease contracted by the injured as a result of injury." Id. A loss of consortium claim is based not upon injury to the body of the claimant but instead solely upon the claimant's property right arising out of the marriage relationship to the love, companionship, and conjugal affection of the spouse. See *Arnac v. Wright*, 163 Ga. App. 33, 34 (292 SE2d 440) (1982); *Smith v. Tri-State Mfg. Co.*, 126 Ga. App. 508, 510 (191 SE2d 92) (1972). Therefore, we do not agree with appellants that damages for loss of consortium are encompassed within damages for "bodily injury" under the policy in issue.

Appellants, in their second argument, assert that Ms. Bartlett is entitled to recover on her own for her loss of consortium claim because the word "damages" in the policy language limiting liability to "all damages . . . sustained by any one person" is not limited to bodily injury damages but encompasses other distinct wrongs sustained as a result of the accident, such as loss of consortium. Hence, appellants argue, because Ms. Bartlett is a person who sustained damages (though not bodily injury damages) as a result of the accident, she is entitled to recover for those damages independent of her husband's damages for personal injuries. We do not agree.

It is the function of the court to construe the contract as written and not to make a new contract for the parties. *Serrmi Products v. Ins. Co. of Penn.*, 201 Ga. App. 414, 415 (411 SE2d 305) (1991). The ambiguity on which appellants' claim for coverage is based can be created only by ignoring the "bodily injury" language that appears repeatedly throughout the relevant provisions. When the policy is construed as written, with the "bodily injury" phrase included, the language clearly and unambiguously fails to support appellants' contention that coverage for "all damages for bodily injury sustained" encompasses claims for damages for *non*-bodily injuries sustained.

In the absence of an ambiguity, appellants' reliance on the rule of construction requiring ambiguities to be construed against the insurer must give way to the rule " 'that an unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured. (Cits.)' [Cit.]" Id. Because Ms. Bartlett did not sustain any bodily injuries in the auto accident with appellee's insured, "when [the policy provisions] are given their ordinary meaning and viewed from the perspective of a lay person, [cit.]," *Giles v. Nationwide Mut. Fire Ins.*

*Co.*, 199 Ga. App. 483, 485 (1) (405 SE2d 112) (1991), the clear and unambiguous meaning of the policy provisions is that Ms. Bartlett is not entitled to recover from appellee her damages for loss of consortium independent of her husband's claim under the "bodily injury liability" coverage in the policy. Therefore, the trial court did not err by granting appellee's motion for summary judgment on this issue. See generally id. at 484-485 (1).

2. Appellants also contend that because loss of consortium "is a property right growing out of the marriage relationship," *Hobbs v. Holliman*, 74 Ga. App. 735, 739 (1) (41 SE2d 332) (1947), appellee's liability coverage for "damages to all property resulting from any one auto accident" covers Ms. Bartlett's claim. " 'In construing an insurance policy, the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney. [Cit.]' [Cits.]" *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671, 672 (1) (320 SE2d 555) (1984).

Given this rule, we disagree with appellants that any reasonable person could have understood that the property damage coverage in the policy included claims like Ms. Bartlett's for loss of consortium. The policy language clearly contemplated damages to inanimate physical objects, such as motor vehicles, rather than intangible contract claims arising out of interpersonal relationships. The trial court did not err by granting summary judgment in favor of appellee on this issue. See generally *Giles*, supra.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1992 —
RECONSIDERATION DENIED NOVEMBER 13, 1992

*Walter H. Beckham III, Fortson & White, Frederick W. Ajax, Jr.*, for appellants.
*Samuel P. Pierce, Jr.*, for appellee.