## A96A0872. ALLSTATE INSURANCE COMPANY v. HENDRIX.
### (476 SE2d 644)

ANDREWS, Judge.

Allstate appeals the trial court's order in a declaratory judgment action finding that it must provide coverage under the provisions of a personal umbrella policy. We reverse.

The underlying dispute in this case arose out of a car accident in which Hendrix, who was riding a motorcycle, ran into a car driven by Robert Cummings. The car was owned by Charles and Joyce Buis, and Joyce Buis had given Cummings permission to drive it.

The Buises are no longer parties to the lawsuit. Although the original complaint named the Buises and alleged they were liable under the family purpose doctrine, both parties now stipulate that the car was not given to Cummings under the family purpose doctrine, and the complaint against the Buises has been dismissed.

The joint stipulation of undisputed material facts further states that Cummings was engaged on a personal errand at the time of the accident and the car was not negligently entrusted to Cummings. Accordingly, there are no allegations that the Buises are legally obligated for any injuries or property damage arising out of the accident.

Cummings' insurance company tendered its policy limits of $50,000. Allstate tendered the $100,000 policy limits under the Buises' automobile insurance policy since Cummings was covered under that policy as a permissive driver. However, Hendrix also claimed that Cummings was an insured under a $1,000,000 personal umbrella policy issued by Allstate to Mr. and Mrs. Buis.

The applicable policy provisions are as follows:

"6. **'Insured'** means:

a) **you**, and

b) any person related to **you** by blood, marriage or adoption who resides in **your** household.

. . . .

**When We Pay**

**Allstate** will pay when an **insured** becomes legally obligated to pay for **personal injury** or **property damage** caused by an occurrence.

. . . .

**Losses We Cover**

Coverage applies to an **occurrence** arising only out of:

1. personal activities of an **insured** including the lending by an **insured** of a land vehicle or watercraft owned by an **insured**."

Although Hendrix is correct when he contends the umbrella policy states that it provides for losses due to the lending of a vehicle by the insured, this creates no ambiguity in the instant case unless this portion of the policy is lifted out of context. See *Serrmi Products v. Ins. Co. of Pennsylvania*, 201 Ga. App. 414, 415 (411 SE2d 305)

(1991). When the policy is construed as written, including the "When We Pay" provision, the language becomes clear and unambiguous. "[A]n unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured." (Citations omitted.) *Woodmen of the World Life Ins. Society v. Etheridge*, 223 Ga. 231, 235 (154 SE2d 369) (1967).

Accordingly, the policy states that Allstate provides coverage if the insured or a member of his household is legally obligated to pay damages as a result of a loss. In that event, Allstate will pay if, inter alia, the loss arises out of an occurrence in which the insured has lent his land vehicle or watercraft.

A holding that the insurance company was also required to extend coverage to losses for which the named insured or members of his household were *not* legally obligated would amount to an extension of coverage for which the insurer had not bargained and would, in effect, rewrite the contract. See *Serrmi*, supra. Thus, as there are no allegations that the Buises are in any way legally obligated for Hendrix's injuries and Cummings does not fit within the definitions of those insured under the policy, Allstate is not required to provide coverage for this accident under the Buises' personal umbrella policy.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 24, 1996 — ▮▮▮▮▮▮▮▮▮

*Downey & Cleveland, Russell B. Davis, Richard A. Griggs*, for appellant.

*Bedford, Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker, Chambers, Mabry, McClelland & Brooks, Eugene P. Chambers, Jr., Cynthia B. Pearson*, for appellee.

