A11A0745. ADI FINANCIAL SERVICES, INC. v. CITY OF ATLANTA.
(714 SE2d 270)

ADAMS, Judge.

ADI Financial Services, Inc. appeals from the trial court's order granting summary judgment to the City of Atlanta in this contract action. We affirm for the reasons set forth below.

On or about June 13, 2007, ADI entered into a one-year contract, entitled "City Contract Agreement for FC-6006007918, Audit of Duplicate Payments" (the "Agreement"). Under the Agreement, ADI agreed to provide "recovery auditor services," which involved reviewing "accounts payable vendor files to identify duplicate payments" made by the City. In return, the City agreed to pay ADI 20 percent of all identified "duplicate payments" returned to the City. The Agreement provided that "[f]urther service under this Agreement, if desired, will require an amendment to this Agreement and the allocations of additional funds by the City."[1] Additionally, the City could make changes "within the general scope of the Agreement," but "[i]f any changes cause an increase or decrease in [ADI's] cost of performing any part of the Services . . . then a written amendment to the Agreement reflecting that change will be negoti-

---

[1] Exhibit "A" to the Contract, entitled "General Conditions," also provided that the City "reserves the right to modify or amend the Scope of Services and to renegotiate any Agreement awarded hereunder during the term of the Agreement."

ated and entered into between the City and [ADI]."

At the end of the first year, the Agreement was subject to a one-year renewal option at "the sole discretion of the City." And the City had the right to terminate the Agreement "for its convenience" at any time upon 30 days written notice. The City also had the right to terminate in the event of ADI's default. The Agreement further provided that "[i]f this Agreement is so terminated, [ADI] shall be paid for Services satisfactorily completed."

ADI subsequently discovered in the course of its audit that the Clerk of the Fulton County Superior Court had applied an improper millage rate and thus had incorrectly calculated the revenues owed to the City from intangible recording taxes and real estate transfer taxes. The result was that the City was not receiving its allotted share of intangible tax and real estate transfer tax distributions from Fulton County. ADI notified the City of this discrepancy, and on June 28, 2007, Gary Donaldson, revenue chief for the City, and Charlotte Daniely, accounts payable manager, signed a "City of Atlanta Recovery of Payment Form," prepared by ADI (the "Recovery of Payment Form"). ADI's president and sole owner, Stephon Lee, also signed and dated the form. The Recovery of Payment Form provides:

> Based on ADI audit and analysis, the City wishes to explore[2] approximately $11 million in Intangible Recording Taxes due to prior years' erroneous allocation of payments by the Fulton County Superior Court. City will gain additional recurring tax collections of approximately $1.2 million, per year, once the error has been corrected. ADI has performed its analysis and provided the City with the correct method for calculating and allocating the Intangible Recording Taxes. Attached is the summary and detailed analysis reflecting the correct method for calculating the allocation of funds and the amount due the City. ADI will begin its efforts to collect funds due the City, immediately. Furthermore, ADI will have Fulton County Superior Court to change its method of calculating the City's percentages of taxes due; thereby, causing an increase in future allocations of Intangible Recording Taxes to the City.

Donaldson and Daniely signed the form under language reading, "Please sign below to acknowledge and authorize ADI to pursue collection of fund [sic] due the City as stated above." The summary

---

[2] The language "wishes to explore" is a handwritten change made to ADI's typewritten form, which originally read that the City "is due" $11 million. This change was initialed by ADI's president.

attached to the form reflects that ADI ran the corrected calculations for the intangible recording tax from 2000 to 2007 and estimated that the City was due in excess of $13.7 million in unpaid revenue from that period.

On July 2, 2007, ADI wrote a letter to the Fulton County Tax Commissioner's office notifying them that "there was an error in the method in which the Fulton County Superior Court allocates the Intangible Recording Taxes," with supporting documentation. Four days later, ADI wrote the Clerk of the Fulton County Superior Court about this miscalculation and forwarded an opinion ADI had obtained from the Georgia Department of Revenue supporting this position. On or about August 29, 2007, the Fulton County Superior Court indicated that it would use corrected millage rates for calculating the real estate transfer and intangible recording taxes beginning September 1, 2007 forward. ADI acknowledges that the City paid it 20 percent of the additional amounts it received from the Clerk of the Fulton Superior Court from September 1, 2007 to June 2008, for a total of $240,442.46. But Revenue Chief Donaldson informed ADI that he would not authorize the company to collect the past due revenues, although the reason for this decision is in dispute. In June 2008, the City informed ADI that it would not be renewing the Agreement.

ADI brought suit against the City on January 20, 2009, asserting claims for, inter alia, bad faith breach of contract, unjust enrichment and specific performance. ADI contends that the City was obligated under the Recovery of Payment Form to pursue collection of the past due revenues from 2001 through 2007, but it prevented ADI from collecting those amounts and thus from collecting its 20 percent fee. The City filed a counterclaim for money had and received in the amount of $240,442.46, alleging that the Agreement was never amended to increase the scope of the services to be performed to include identification of lost revenues. The parties filed cross-motions for summary judgment.

In its summary judgment order, the trial court found that the Agreement contemplated only that ADI would audit accounts payable vendor files, and the court determined that the parties never formally amended the Agreement to provide that ADI also would audit for lost revenues. Nevertheless, the trial court found that "City Ordinance 2.1292 (d) allows modifications of city contracts 'involving no additional cost to the city' to be executed by the 'head of the affected using agency or his designee.' " And Donaldson and Daniely, in fact, signed the Recovery of Payment Form and the City subsequently paid ADI 20 percent of the increase in collected revenues beginning in September 2007. Thus, the trial court concluded that "City . . . treated the [Agreement] as modified." But the trial court

concluded that

> [n]othing . . . in [Agreement] or the Recovery of Payment Form requires the City to pursue past lost revenues. The Recovery of Payment Form talks in terms of persuading the County Clerk to "change its method of calculating the City's percentages of taxes due; thereby, causing an increase in *future* allocations.

(Emphasis in original.) Because the Agreement ended in June 2008, the trial court concluded that ADI had been properly compensated for its services and was "not entitled to anything more." Accordingly, the trial court granted both motions for summary judgment.[3]

On appeal, ADI argues that the lower court erred in finding that the Recovery of Payment Form only permitted ADI to pursue and collect future allocations to the City of Atlanta, and not past allocations. "Construction of a written contract is a question of law for the trial court based on the intent of the parties as set forth in the contract, which question we review de novo." (Citation and footnote omitted.) *Donchi, Inc. v. Robdol, LLC*, 283 Ga. App. 161, 163-164 (1) (a) (640 SE2d 719) (2007). When the language of the contract is clear and unambiguous, this Court will enforce the terms of the contract as written, without reference to matters outside of the contract. Id. at 164 (1) (a). Moreover, " '[a] contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties.' " (Citation omitted.) *Giles v. Nationwide Mutual Fire Ins. Co.*, 199 Ga. App. 483, 484 (1) (405 SE2d 112) (1991).

Applying these principles, we agree with the trial court that nothing in either the Agreement or the Recovery of Payment form requires the City to collect past due revenues. The original Agreement did not contemplate, and thus does not address, any audit or collection of revenues by ADI; rather it concerns the audit of accounts receivable vendor files. The trial court found that the Agreement had not been formally amended but that the parties treated the Recovery of Payment Form as a modification of the Agreement, which was authorized by city ordinance. The City did not appeal that ruling. But even considering the Recovery of Payment Form as a binding modification, we conclude that it imposes no obligation upon the City to collect past due revenues.

The Recovery of Payment Form imposes additional obligations

---

[3] The City does not appeal the grant of ADI's motion for summary judgment on its counterclaim.

only upon ADI: to "begin *its* efforts to collect funds due the City, immediately" and to "have" Fulton County change its method of calculating the City's allocation of revenues. While it may be implicit based upon the original Agreement that ADI would be compensated for its efforts — and the City did in fact compensate ADI for additional revenues going forward — nothing in the language of the form obligates the City to take any action not contemplated by the Agreement. Certainly nothing in the form requires the City to pursue the collection of past due revenue. The form merely states that the City "wishes to explore" the past due amounts. And although the signature line indicates that it represents an authorization for ADI to pursue "collection of fund[s] due the City as stated above," nothing in the form's language explicitly states that this includes the collection of past due revenues. To the extent that this lack of specificity creates any doubt or ambiguity as to the parties' intent, it must be construed against ADI as the drafter of the Recovery of Payment Form and the party undertaking the obligation under the form. OCGA § 13-2-2 (5) ("If the construction [of a contract] is doubtful, that which goes most strongly against the party executing the instrument or undertaking the obligation is generally to be preferred");[4] *Dept. of Community Health v. Pruitt Corp.*, 295 Ga. App. 629, 632 (673 SE2d 36) (2009) ("Another rule of construction requires us to construe ambiguous contract provisions against the drafter. . . ."). Accordingly, we conclude that nothing in the language of the Recovery of Payment Form entitles ADI to require the City to pursue collection of the past due revenue, and thus we affirm the denial of ADI's motion for summary judgment.

*Judgment affirmed. Barnes, P. J., concurs. Blackwell, J., concurs in judgment only.*

DECIDED JULY 8, 2011.

*Ayoub & Mansour, John A. B. Ayoub*, for appellant.
*Laura Sauriol-Gibris*, for appellee.

---

[4] Here, both parties executed the Recovery of Payment Form, but only ADI undertook any additional obligation under the form.