BYE, Circuit Judge,
dissenting.
The umbrella policy Allstate Indemnity issued to the Underwoods contains an ambiguity which must be construed in Rice’s favor, and results in coverage for the Un-derwoods’ personal activity of allowing the permissive use of their vehicle by Howard Wiebe. I therefore dissent from the decision to affirm the district court.
Under the section of the umbrella policy entitled “Excess Liability Insurance Coverage XL (XL coverage),” Allstate Indemnity agreed to provide coverage for an occurrence arising out of the personal activities of an insured person, “including the permissive use of a land vehicle ... owned by an insured person.” In other words, Allstate Indemnity defined the covered *627 personal activities of an insured person so as to include the activity of allowing the permissive use of an owned vehicle. It is undisputed the Underwoods owned the vehicle involved in the accident which gave rise to Rice’s injuries. It is also undisputed that the person driving the vehicle, Howard Wiebe, had the Underwoods’ permission to use the vehicle at the time of the accident, i.e., he was a permissive user. As a consequence, the district court erred when it only examined whether Wiebe— the permissive user — was a named insured under the umbrella policy. Allowing the permissive use of a vehicle was included in the covered personal activities of the named insureds under the umbrella policy, and therefore it was irrelevant that the permissive user was not himself a named insured under the policy.
Allstate Indemnity argues, however, the policy’s permissive use provision does not apply to cover Rice’s injuries. Relying upon the general insuring agreement under the XL coverage — which states Allstate Indemnity will only “pay damages which an insured person becomes legally obligated to pay” — Allstate Indemnity contends the permissive use provision only applies if a named insured personally incurs legal liability arising from the permissive use of a vehicle owned by the insured person. Allstate Indemnity argues “[f]or example, if an insured person under the umbrella policy incurred liability for the actions of the permissive driver by way of negligent entrustment of the vehicle or some other theory of vicarious liability, the insured person would be afforded coverage under the policy.” Appellee’s Brief at 16.
In response, Rice contends the general insuring agreement is ambiguous and must be construed in her favor. The policy’s general insuring agreement says it is “subject to” the other terms, conditions and limits of the policy. Rice contends the phrase “subject to” means the coverage condition in the general insuring agreement — limiting coverage to damages which an insured person is legally obligated to pay — is subordinate to the unrestricted contractual promise which follows thereafter to cover an occurrence arising out of the insured’s personal activity of allowing the permissive use of a vehicle.
To buttress the reasonableness of her interpretation, Rice argues the umbrella policy’s reference to “permissive use” has special significance under Missouri law. Under Missouri law, an insurance policy issued to the owner of a motor vehicle is statutorily required to provide coverage not only to the owner, but to “any other person ... using any such motor vehicle ... with the express or implied permission of such named insured[.]” Mo.Rev.Stat. § 303.190.2. The Missouri courts generally refer to this section of the Motor Vehicle Financial Responsibility Law (MVFRL) as the “permissive use” requirement. See, e.g., State Farm Mut. Auto. Ins. Co. v. Scheel, 973 S.W.2d 560, 567-68 (Mo.Ct.App.1998). Rice argues the phrase “permissive use” is therefore a term of art under Missouri law, “well defined by statute, case law, and the insurance industry, and would have a specific meaning for an ordinary insured.” Appellant’s Brief at 10. Rice claims Allstate Indemnity’s specific choice to use the phrase “permissive use” indicates an intent for the umbrella policy to extend coverage to Wiebe as a permissive user in the same way Missouri statutorily requires the Underwoods’ underlying automotive policies to extend coverage to Wiebe.
I agree the umbrella policy’s general insuring agreement contains an ambiguity which we must resolve in Rice’s favor. To begin, I note “[t]he words ‘subject to,’ used in their ordinary sense, mean ‘subordinate to,’ ‘subservient to’ or ‘limited by’ ” under *628 Missouri law. Homan v. Emp’rs Reinsurance Corp., 345 Mo. 650, 136 S.W.2d 289, 302-03 (1939) (citation omitted). In this sense, Missouri’s interpretation of the phrase “subject to” is in accord with other courts. See Swan Magnetics, Inc. v. Superior Court, 56 Cal.App.4th 1504, 66 Cal.Rptr.2d 541, 546 (1997) (“The phrase ‘subject to’ ... means conditioned upon, limited by, or subordinate to.”); see also Carson v. Home Owners Ins. Co., No. 308291, 2014 WL 1510039, at *3 (Mich.Ct.App. Apr. 15, 2014) (“The phrase ‘subject to’ means ‘subordinate’ to and ‘governed or affected by.’ Black’s Law Dictionary (6th ed). In other words, the phrase is ‘intro-ducting] a subordinate provision,’ indicating that the proposition set forth before the phrase can be superseded by a contrary provision in [the provision referenced thereafter]. Garner’s Dictionary of Legal Usage (3rd ed), p. 616.”).
As applied to this umbrella policy, then, the ordinary meaning of the phrase “subject to” means the XL coverage’s general insuring agreement can be superseded by a contrary provision in the other “terms, conditions and limits of the policy.” As Rice contends, another term in the umbrella policy covers an occurrence arising out of the insured’s personal activity of allowing the permissive use of a vehicle, unrestricted by any condition requiring the insured to incur personal liability arising from the permissive use. Thus, where one section of the umbrella policy covers Wiebe’s permissive use of the Under-woods’ vehicle without limitation, and an arguably subordinate section purports to limit coverage to negligent permissive use (i.e., only covering damages which an insured person becomes legally obligated to pay), there is an ambiguity which we must construe in Rice’s favor. See Seeck v. Geico Gen. Ins. Co., 212 S.W.3d 129, 133 (Mo.2007) (“[I]f a contract promises something at one point and takes it away at another, there is an ambiguity.”) (quoting Lutsky v. Blue Cross Hosp. Serv., Inc., 695 S.W.2d 870, 875 (Mo.1985)).[7]
The umbrella policy’s specific reference to “permissive use” buttresses the reasonableness of Rice’s interpretation. By statute, Missouri mandates that automotive policies cover the permissive use of an automobile without requiring a showing of negligence on the part of the vehicle’s owner. Mo.Rev.Stat. § 303.190.2. “The provisions of that act are indicative of the public policy of [Missouri] to assure financial remuneration [to injured persons] ... not only by the owners of such automobiles but also all persons using them with the owners’ permission, express or implied.” Weathers v. Royal Indem. Co., 577 S.W.2d 623, 625 (Mo.1979). These “coverage provisions are intended to extend, not restrict, coverage afforded and such intention is salutary.” Id. at 626 (quoting Hauser v. Hill, 510 S.W.2d 765, 768 (Mo.Ct.App.1974)). As a result, Missouri law favors a liberal construction of permissive use provisions. Id.
Against this background of state law, it is reasonable to believe an insurer issuing an umbrella policy governed by Missouri law would provide coverage for an occurrence arising out of the permissive use of an insured’s vehicle without necessarily requiring a showing of negligence on the part of the vehicle’s owner. I therefore respectfully dissent.

. The majority cites Allstate Ins. Co. v. Hendrix, 222 Ga.App. 865, 476 S.E.2d 644 (1996), in support of its decision to affirm the district court. Hendrix is inapposite because it did not address the ambiguity of a "subject to” clause in a policy's general insuring agreement.